The facts are sufficiently stated in the opinion. *Page 135 
This action was brought to recover damages for alleged injury to certain live stock (a carload of mules and horses) shipped from Morristown, Tenn., to Selma, N.C. A bill of lading was given by the defendant for the shipment, one of the stipulations of which is as follows: "That as a condition precedent to any right to recover any damage for loss or injury to said live stock, notice in writing of the claim therefor shall be given to the agent of the carrier actually delivering said live stock, wherever such delivery may be made, and such notice shall be so given before said live stock is removed or is intermingled with other live stock."
The evidence of the plaintiff tended to show that the mules were in good condition when they left Morristown and were damaged when he received them at Selma, but his agent drove them away (138) from the defendant's premises without giving the notice required by the bill of lading. His witness, W. R. Long, who was his agent, in the purchase of the mules and horses and in receiving them at Selma, testified: "I did not give the agent of the defendant, or any one else, any notice of claim for damages or injury to this car of stock. The first notice I gave any one of any claim for damage or injury to the stock was through my attorneys, some time after I received the stock and had sold part of same. I brought the stock through the country from Selma to Smithfield, a distance of four miles. I do not know, of my knowledge, when any notice of claim was filed with the defendant." The plaintiff put the bill of lading in evidence.
There was a verdict in favor of the plaintiff for $150, and judgment was given thereon. The defendant, having duly excepted, appealed to this Court.
The exception of the defendant raises the two questions, whether the stipulation in the bill of lading requiring notice to be given to the defendant before removal from its premises of the goods transported is valid, and whether a failure to give it will defeat the plaintiff's recovery. These questions we consider as having been decided by this Court adversely to the plaintiff's contention. In Selby v. R. R., 113 N.C. at pages 594-595, Justice Burwell, for the Court, in the course of a very able discussion of the very question herein presented, says: "It seems to us that this condition, imposed upon the plaintiff by a contract of his own making, founded upon a valuable consideration moving to him, contravenes no sound legal policy and is not unreasonable. It is not in any sense a stipulation that the defendant carrier shall be exempted for the effects of its negligence or the negligence of its servants in the performance of *Page 136 
those duties towards the plaintiff assumed in the contract, nor is it a requirement that any injury that has been done to plaintiff's stock while in defendant's care, under the terms of the bill of lading, shall be adjusted in the presence of an officer of the defendant company before the property is removed from the station, and hence the case of Capehartv. R. R., 81 N.C. 438, has no application here. We have no stipulation as to the fixing of the amount of damage done to plaintiff's property, but simply an agreement that he will, when about to take his animals from the cars or yard of the defendant, notify the company in writing, if, upon a reasonable examination, he is able to detect any damage done them. Owing to the nature of the property entrusted to the carrier, the difficulty of identifying each animal and the terms of the contract as regards such damage as might be inflicted by the (139) animals on one another or might come to them without any fault on the part of the defendant, it seems to us, indeed, very reasonable that the defendant's agents should have an opportunity then and there to examine the stock and ascertain, if they can, the cause and the extent of the damage. We have been cited to no authority which, upon examination, seems to hold that such requirement, under the circumstances, is unreasonable. Rice v. R. R., 63 Mo., 314; Goggin v. R. R.,12 Kan. 416, and other cases, seem fully to sustain the view we take of the matter, and to show that there was error in the charge that the stipulation was not reasonable and was void." That case was approved and the principle it lays down reaffirmed in the more recent case of Woodv. R. R., 118 N.C. 1063. Common carriers may by special contract require any claim for damages to be presented within a given time, provided the time allowed be reasonable. Express Co. v. Caldwell, 21 Wallace, 264; Lewis v. R. R., 5 Hurl. N., 867; Express Co. v. Harris, 51 Indiana, 127; Express Co. v. Glenn, 16 Lea, 472. We have adopted this principle as a fair and reasonable one, and held that it is not a condition by which the liability of the company is restricted, nor is it a limitation of the time within which an action may be brought to recover damages for negligence or for any breach of the contract between the parties, but merely intended as a provisions to protect the party who is sued against a false or unjust claim. Sherrill v. Telegraph Co.,109 N.C. 527. The stipulation must, of course, be reasonable in itself and fairly construed, so as not to exempt the carrier from the performance of any part of its contractual or legal duty to the shipper. Such a stipulation as that we are now considering has been generally held to be perfectly reasonable and valid, to enable the defendant, while the matter is still fresh, to institute proper inquiries and furnish itself with evidence or information on the subject of its liability and the extent thereof. The carrier does a large business, covering a vast extent of *Page 137 
territory, and to allow suits to be brought against it without such notice, at any length of time, when the evidence of the true nature of the transaction has been lost or obliterated, and there is no sufficient opportunity afforded of ascertaining the truth of the matter, would be to surrender the carrier, bound hand and foot and in a helpless condition, to the tender mercy of the shipper, and subject it to the payment of almost any kind of claim which his caprice or avarice might tempt him to assert. In Hale on Bailments and Carriers, pp. 429, 430, it is said, substantially, that the law will not tolerate such an imposition which might follow the denial of the validity of this clause in the contract. The particular language used at page 430 by the author of that valuable treatise — and it exactly fits our case (140) — is this: "A stipulation requiring a consignee of cattle to present any claim for damages, at the time the cattle were received and before they were unloaded and mingled with other cattle, has been held to be reasonable and valid."
This rule could not avail the defendant in Jones v. R. R., 148 N.C. 580, owing to the peculiar facts of that case, which do not fully appear in the report of the case. In that case the stock arrived at the point of destination in good condition and remained in the defendant's possession at a livery stable, where the injury is supposed to have occurred, and under the supervision of the defendant's agent for several days, awaiting the arrival of the owner. The agent had full notice of the injury to the mule before there was any delivery of the remainder of the stock. In this respect that case differs from the one now under consideration.
The court erred in holding that the failure to give notice did not defeat the plaintiff's recovery, because the clause inserted in the bill of lading requiring notice to be given was invalid, or, if valid, did not apply to the facts of this case. If it does not apply to this case, it could not apply to any case, as it was not denied that the stock was taken away from the defendant's yard without giving the notice, and that was the point upon which the case was made to turn in the court below, the judge holding that it was immaterial whether the notice was given or not.
The consideration for this stipulation in the contract, assuming that a special consideration is required to support it, was the reduced rate of charge which was allowed for the carriage.
The motion to nonsuit should have been sustained.
Action dismissed.
Cited: Kime v. R. R., 156 N.C. 453; Southerland v. R. R., 158 N.C. 329;Duvall v. R. R., 167 N.C. 25; Culberth v. R. R., 169 N.C. 725;Baldwin v. R. R., 170 N.C. 13; Mewborn v. R. R., ibid., 510; HorseExchange v. R. R., 171 N.C. 73; Schloss v. R. R., ibid., 352. *Page 138