R. B. SOUTHERLAND v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 20 March, 1912.)

1. Railroads — Live Stock — Unreasonable Delay—Negligence—Evidence.

In action for damages to cattle shipped under a live-stock bill of lading, alleged to have been caused by defendant railroad while in course of transportation, evidence is competent which tends to show that another shipment was made over the same road to the same destination and over practically the same route and distance, in a shorter period of time, with delivery of cattle in good condition, and is sufficient to be submitted to the jury under the issue as to defendant's negligence.

2. Railroads—Live-stock Bill of Lading—Notice of Damages—Substantial Compliance.

The acceptance of a car-load of cattle, damaged in transportation, under protest made to one who customarily acted for the defendant railroad in delivering them at destination, is a sufficient compliance with a stipulation in a live-stock bill of lading that written notice of the damage must be given before removal of the cattle in order to recover.

3. Same—Principal and Agent—Evidence.

Evidence tending to show that a certain person customarily acting for a railroad company in delivering car-load shipments of cattle at a stock yard is sufficient upon the agency of that

person to receive notice there of a damaged car-load shipment and to permit recovery under a live-stock bill of lading requiring that notice of the damages be given before the removal of the cattle.

4. **Railroads—Live Stock—Transportation—Negligence—Evidence.**

In this case, a charge *Held* correct, that the time a certain car of cattle was loaded and the time delivered at destination was some evidence of negligence, under the surrounding circumstances, damages to cattle in transportation being the subject of the action.

5. **Instructions—Special Requests—Given in Substance—Appeal and Error.**

In this case, a correct prayer for instructions having been substantially given, no error is found therein.

APPEAL from *Ward, J.,* at October Term, 1911, of SAMPSON.

Civil action for damages caused by the delay in transporting cattle.

These issues were submitted to the jury:

1st. Were the cattle of the plaintiff injured by the negligence of the defendant, by defendant failing to carry said cattle in a reasonable time, as alleged? Answer: Yes.

2d. What damages, if any, is the plaintiff entitled to recover? Answer: $150, with interest at 6 per cent from 27 April, 1905, till paid.

From the judgment rendered the defendant appealed.

*Fowler & Crumpler and C. M. Faircloth for plaintiff.*
*H. L. Stevens and Murray Allen for defendant.*

BROWN, J. There are fifteen assignments of error in the record, which have received our consideration, and we think that none of them can justly be sustained. We will not undertake to comment on all of them, but only such as we think necessary.

1. The motion to nonsuit was properly overruled. We think there was sufficient evidence to justify his Honor in submitting the issue, as to the negligent delay in the shipment of the cattle, to the jury, and the consequent injury to the animals therefrom. The evidence tended to prove that on 25 April, 1905, the plaintiff shipped a car-load of cattle from Magnolia, N. C., to one

Brauer, Richmond, Va., over the road of the defendant under a live-stock contract. The car was loaded and delivered to the defendant at 9:20 A. M. 25 April, and reached its destination at 11 o'clock 27 April, in a much damaged condition. There was evidence tending to prove that on the same day, 25 April, 1905, the plaintiff shipped another car of cattle from Clinton, N. C., to Richmond, Va., over the defendant's road, which was delivered in Richmond in good order and condition on the morning of the 26th. This evidence was objected to by the defendant, but we think it perfectly competent upon the question as to what would constitute a reasonable time for transportation between Magnolia and Richmond, both points being on the defendant's road, and Clinton being on a branch line and a few miles further from Richmond than Magnolia. Upon this evidence, we think the motion to nonsuit was properly overruled.

2. It is contended by the defendant that the consignee of the cattle failed to give written notice to any agent of the defendant of the damaged condition of the cattle before they were removed from the jurisdiction of the railroad, as required by the terms of the bill of lading. This Court has recognized such a stipulation in a bill of lading as valid. *Selby v. R. R.,* 113 N. C., 588; *Austin v. R. R.,* 151 N. C., 137. But we think the terms of the bill of lading in this respect were substantially complied with. The evidence shows that it was the custom of the railroad company to send loaded cattle cars to the Union Stock Yards in Richmond to be unloaded. The evidence shows that the consignee Brauer received the cattle under protest on account of the damage due to unnecessary delay while en route. It is true, this notice was given to one Lambert, who was in charge of the stock yards, but there is testimony tending to prove that he superintended the unloading of cattle for the railroads, that he was always present at such unloadings, and worked for the railroad company in that way, and looked after all the cattle for the railroad when they came in. From the evidence, we think the jury was fully warranted in inferring that Lambert was the agent of the railroad company in receiving and unloading the cattle, and that being so, notice to him would be in all respects a compliance with the terms of the contract. It would

be unreasonable to require the consignee to search for some other agent of the defendant than the one who was present, superintending the receipt and delivery of the cattle. Lambert was to all intents and purposes the agent of the railroad company, and notice to him was notice to it.

3. The defendant's eighth exception, directed to the charge of the court upon the question of what constitutes reasonable time, cannot be sustained. His Honor instructed the jury that the evidence tends to show the time when the cattle were loaded at Magnolia, and when they were delivered at Richmond, but he did not undertake to declare that to be *per se* negligence; but he instructed the jury that such facts, if found to be true, were evidence of negligence, to be weighed and considered by the jury upon the first issue.

4. The plaintiff requested instructions relative to a delay of the car of cattle at Rocky Mount, and contended that his Honor failed to give the instructions. An examination of the record shows that the instructions were substantially given by the court, certainly to the full extent to which the defendant was entitled.

Upon examination of the entire record, we are of opinion that no substantial error was committed.

No error.