GEORGE H. DUVALL AND J. H. BELL v. NORFOLK SOUTHERN
RAILROAD COMPANY.

(Filed 14 October, 1914.)

**Carriers of Goods—Bills of Lading—Stipulations—Live Stock—Written No-
tice—Waiver—Evidence.**

> A stipulation in a bill of lading given by a common carrier for a ship-
> ment of live stock, requiring that written notice of claim for damages be
> given the delivering carrier before the live stock is removed or inter-
> mingled with other live stock, is a reasonable one to afford the carrier an
> opportunity of such examination as will enable it to protect itself from
> false or unjust claims, and will be upheld as a condition precedent to the
> right of recovery. And the mere fact that the claimant verbally notified
> some one employed by the carrier as a laborer, in the absence of the
> agent, of an injury to one of a car-load of mules, which had been trans-
> ported by the carrier, before accepting and taking the mule away and
> intermingling it with other live stock, is neither a compliance with the
> terms of the stipulation by the claimant nor a waiver thereof on the part
> of the carrier. *Jones' case,* 148 N. C., 580, and *Southerland's case,* 158
> N. C., 327, cited and distinguished.

APPEAL by defendant from *Whedbee, J.,* at December Term, 1913, of
JONES.

This is a civil action to recover damages for injury to a mule, caused
by the negligence of the defendant, the Norfolk Southern Railway. The
jury found for the plaintiff and assessed the damages at $100, from
which judgment the defendant appealed.

*Thomas D. Warren for plaintiff.*
*Moore & Dunn for defendant.*

BROWN, J. The evidence in this case tends to prove that the plaintiffs
were owners of a certain mule, shipped to them over the defendant's road,
8 March, 1911, under a bill of lading containing the following clause:
"That as a condition precedent to any right to recover any loss or dam-
age to any live stock, notice shall be given in writing the agent of carrier
actually delivering said live stock wherever said delivery may be made;
such notice shall be so given within five days from said delivery and
before said live stock shall have been intermingled with other live stock."

It is contended by the defendant that the animal was removed at once
after arrival at New Bern, without giving any notice, as required in the
bill of lading. The evidence tends to prove that when the stock was
removed from the railroad station, they were carried to the stables of
J. A. Jones, the consignee named in the bill of lading.

It seems that the mule had been purchased by the plaintiff Duvall in
Richmond and shipped with other stock under the bill of lading to Jones.

The plaintiff Duvall received the mule at Jones' stables and carried it to Pollocksville, a distance of 14 miles, and delivered it to J. H. Bell. Both Duvall and Bell testified that on the way to Pollocksville the mule limped a little, but they paid no attention to the same, as they did not think the lameness amounted to anything. In several weeks the injured leg turned out to be serious, and the mule died.

It is admitted that no written or other claim was made on the defendant until 12 April, and that the affidavit as to the injury to the mule was not made until May, 1911. The plaintiff Duvall further testified that he saw the mule at Jones' stables before being driven to Pollocksville, and he did not call the attention of the agent of the defendant to any alleged injury.

It is well settled that a stipulation in a bill of lading, given by a common carrier for a shipment of live stock, requiring that written notice of claim for damages be given the delivering carrier before the live stock is removed or intermingled with other live stock, is a condition precedent to recovery, being merely a provision to protect the carrier against a false or unjust claim by affording it an opportunity for examination, is reasonable, and will be upheld.

The validity of such provision was affirmed in *Selby v. R. R.,* 113 N. C., 594. It has been fully discussed, elaborated, and enforced in *Austin v. R. R.,* 151 N. C., 137, and in *Kime v. R. R.,* 153 N. C., 400, in which last case the present *Chief Justice,* speaking for the Court, says: "We fully indorse the ruling in *Austin v. R. R.,* 151 N. C., 137, that a stipulation in a bill of lading requiring notice of a claim for damages be given the carrier before the live stock is removed or intermingled with other stock is a reasonable regulation to protect carriers against false or unjust claims by affording it an opportunity for examination."

But the plaintiff contends that there was a waiver, if not a substantial compliance, with the clause in the bill of lading. He bases this contention upon the testimony of one Brock, who received the stock for the consignee, Jones. Brock testifies that the agent of the Norfolk Southern Railroad Company was not personally present at the time the stock was unloaded, and that Brock "called the attention of a negro, working for the said railroad company, to the condition of the mule."

The plaintiff relies upon the case of *Jones v. R. R.,* 148 N. C., 580. The validity of such a clause in the bill of lading was fully recognized in that case, but the decision was based upon the fact, while the stock had been removed to a stable, it was still in the possession of the railroad company, as its agent had caused the stock to be removed to the stable, and where examination of the stock was made by the agent.

Nor is the case of *Southerland v. R. R.,* 158 N. C., 327, any authority for the plaintiff's position. In that case notice was given and the injury

called to the attention of one who customarily acted for the railroad company in delivering stock. In that case it is said: "It is true, the notice was given to one Lambert, who was in charge of the stock yards, but there is testimony tending to prove that he superintended the unloading of cattle for the railroads, that he was always present at such unloading, and worked for the railroad company in that way and looked after all the cattle for the railroad when they came in. From the evidence, we think the jury was fully warranted in inferring that Lambert was agent of the railroad in receiving and unloading cattle, and that being so, notice to him would be in all respects a compliance with the contract."

In the case at bar no notice whatever was given any agent of the defendant. The fact that Brock called the attention of some negro, who happened to be working for the defendant, to the condition of the mule, would certainly not be notice to the defendant.

The motion to nonsuit should have been allowed. It is so ordered.

Reversed.