W. C. BOWMAN, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 7, 1914.**

**DAMAGES: Carriers of Live Stock: Depreciation in Value.** Where one brings an action for damages for the negligence of a railroad company in shipping a carload of mules, they having depreciated in value, but fails to give the proper notice of such damage, or injury, as provided in the bill of lading, he cannot recover as it falls within the rule in Hamilton v. C. & A. Ry. Co., 177 Mo. App. 145 and Johnson Grain Co. v. C. B. & Q. Ry. Co., 177 Mo. App. 194.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

REVERSED.

*J. W. Jamison* for appellant.

(1) The burden was on the plaintiff to introduce evidence showing or tending to show the giving of the notices and also that he had instituted his suit within the ninety-one days. He failed to sustain this burden. Hamilton v. Railroad, 164 S. W. 248; Johnson Grain Co. v. Railroad, 164 S. W. 182; Joseph v. Railroad, 175 Mo. App. 18; McElvain v. Railroad, 158 S. W. 464; American Silver Mfg. Co. v. Railroad, 174 Mo. App. 184; Clegg v. Railroad, 203 Fed. 971; Railroad v. Harriman Bros., 227 U. S. 657; Metropolitan Trust Co. v.

Railroad, 107 Fed. 628; Adams Express Co. v. Croninger, 226 U. S. 491. (2) The live stock contract under which the shipment moved, expressing the terms and conditions on which the property was to·be transported, must be regarded as the sole evidence of the final agreement between the parties. Inman & Co. v. Railroad, 159 Fed. 960.

Scott & Bowker for respondent.

ELLISON, P. J.—Plaintiff brought this action against defendant for negligence in shipping a carload of mules from Walker, Missouri, to East St. Louis, Illinois, whereby they were injured and depreciated in value. He recovered judgment in the circuit court.

The contract of shipment provided that plaintiff should give written notice of his damages to defendant within five hours after the stock was unloaded. And that within thirty days of the happening of the injury he would file with defendant a written verified claim. It was further agreed in the contract of shipment that plaintiff would bring his action within ninety-one days from the date of the injury. None of these provisions was complied with.

The case as governed by the cases of Hamilton v. C. & A. Ry. Co., 177 Mo. App. 145, and Johnson Grain Co. v. C. B. & Q. Ry. Co., 177 Mo. App. 194, 164 S. W. 182, decided by this court on the same day.

The judgment will, therefore, be reversed. All concur.