### 5713. MITCHELL & COMPANY *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

1. The Congress of the United States has, by section 20 of the interstate-commerce act of 1887, as amended by the act of June 29, 1906, section 7, paragraphs 11, 12, 34 Stat. 593, c. 3591 (U. S. Comp. 1913, § 8592), known as the "Carmack amendment," legislated directly upon the carrier's liability for loss of or damage to interstate shipments, and this legislation supersedes all regulations and policies of this State upon the same subject.
2. Upon common-law principles and authorities, where a shipper signs and accepts from a carrier a bill of lading in which is a clause stipu-

lating that "claims for loss or damage shall be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than ten days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event," it constitutes a binding contract; and this clause is not void upon the ground that the carrier seeks thereby to limit its liability, and does not give as consideration therefor extra service or monetary consideration to the shipper, or that it is contrary to the public policy of the State. Such a clause, when applied to shipments of perishable products, such as turnips, is not an unreasonable limitation as to the time in which the claim is to be presented.

3. A correct judgment will not be reversed even if the reason stated for its rendition is incorrect or insufficient.

DECIDED FEBRUARY 13, 1915.

Action for damages; from city court of Thomasville—Judge W. H. Hammond. March 17, 1914.

*Snodgrass & MacIntyre*, for plaintiffs.

*Bennet & Branch, J. H. Merrill, Russell Snow*, for defendant.

RUSSELL, C. J. W. H. Mitchell & Company brought suit against the Atlantic Coast Line Railroad Company, alleging damage to a car of turnips shipped by the plaintiffs over the defendant's line of railway under a bill of lading issued by the defendant as the original carrier, from Thomasville, Georgia, to New York. The damage was alleged to have been caused by the negligent failure to transport and deliver the turnips to the consignee within a reasonable time. The defendant denied the material allegations of the petition, and contended not only that the allegations of negligence were untrue. but that the plaintiffs had failed to make claim for the loss or damage within ten days from the time of the alleged loss as they contracted to do in the bill of lading issued to and signed by them and under which the shipment was made. Upon the trial it was agreed that no notice of loss was given the defendant other than the present suit, which was filed May 26, 1913; that the car reached New York May 11 (Sunday); that the bill of lading was signed by the shipper; that the turnips reached New York in a depreciated condition, and to the amount claimed by the plaintiffs. The bill of lading was, by consent, introduced in evidence. It appears to have been issued May 7, 1913. There was evidence on behalf of the defendant tending to show what was a reasonable time in which the car of turnips should have reached New York, and evidence on the part of the plaintiffs tending to show a less time to be reasonable. There was no demand for trial by jury, and the

court, on consideration of the evidence adduced and the admissions made by each party, and after argument by counsel, entered the following judgment: "It is ordered, considered, and adjudged by the court that the defendant was negligent in the matter of transmitting and delivering the car of turnips in question. It is further ordered and adjudged, that the contract in the bill of lading requiring claim to be presented in ten days was binding, and was not complied with, and the finding of the court is therefore in favor of the defendant recovering of plaintiff the costs of this case." To this judgment the plaintiff excepted on the following grounds: "Because it is contrary to the evidence in the case; because the evidence shows that the liability of the carrier defendant was that of a common carrier, and that the alleged special contract upon the bill of lading was nudum pactum, there being no consideration for it. (2) Because the judgment was without evidence to sustain it; the evidence distinctly showing that no special service was rendered plaintiff, and no reduction made in freight in this matter; the evidence shows that there could have been no reduction in the freight allowed plaintiff, as there was only one effective, one published rate applicable to this shipment. (3) The judgment is contrary to law; the evidence shows that the defendant carrier sought to limit its liability and gave as consideration therefor no extra service or monetary consideration to plaintiff; the evidence shows that the liability of the defendant company is that of a common carrier, and there was no special contract effective between the plaintiff and defendant."

1. As the law now stands, it is too well settled to admit of doubt that the liability of common carriers for loss of or damage to interstate shipments is to be determined solely from the provisions of section 20 of the interstate-commerce act of 1887 as amended by the act of June 29, 1906 (34 Stat. 584, c. 3591), known as the "Carmack amendment," and from the interpretation given this act of Congress by the Federal court of highest authority. This "legislation supersedes all the regulations and policies of a particular State." Adams Express Co. v. Croninger, 226 U. S. 491 (33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257). "The Carmack amendment manifested the purpose of Congress to bring contracts for interstate shipments under one uniform rule or law, and therefore withdrew them from the influence of State

regulation." Kansas City Southern Ry. Co. *v.* Carl, 227 U. S. 639 (33 Sup. Ct. 391, 57 L. ed. 683).

2. The amendment above referred to is, that "any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered, or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed: Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law. . . The common carrier, railroad, or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad or transportation company on whose line the loss, damage or injury shall have been sustained, the amount of such loss, damage, or injury, as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment, or transcript thereof."

The stipulation which the plaintiffs in error contend is void for lack of consideration is as follows: "Claims for loss or damage shall be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than ten days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event." The defendant, of course, contends that the clause is a valid clause, even though without any special consideration, and that, because of the plaintiffs' admitted failure to make the claim within ten days, they are not entitled to recover. Both parties rely upon the later decisions of the Supreme Court of the United States as authority for their respective contentions, and each cites the cases of Adams Express Company *v.* Croninger, supra, Kansas City Southern Ry. Co. *v.* Carl, supra, and M., K. & T. Ry. Co. *v.* Harriman, 227 U. S. 657 (33 Sup. Ct. 397, 37 L. ed. 690). In none of these cases, however, is the exact point dealt with that is here raised. The cases cited deal with the validity of contracts in which the carriers at-

tempted to limit the liability in case of loss or damage to a valuation agreed upon for the purpose of determining which of two alternative rates should be applied to the particular shipment; and, relative to this, in the Harriman case it was said, "It is not unreasonable, and in fact is the method approved by the interstate-commerce commission, in graduating freight according to value, to divide the particular subject of transportation into two classes,— those above and those below a fixed amount; and the establishment of two cattle rates, one based on a minimum fixed value and the other on the actual value, is not a violation of the Carmack amendment to the Hepburn act." Upon another point ruled in that case, which, though not identical, is very similar to the one here involved, the court said, "Limitation of the time within which to bring actions is a usual and reasonable provision, and there is nothing in the policy of the Carmack amendment that is violated thereby." Further in the opinion (p. 672) it is said, "The liability imposed by the statute [Carmack amendment to the Hepburn act] is the liability imposed by the common law upon a common carrier, and may be limited or qualified by special contract with the shipper, provided the limitation or qualification be just and reasonable, and does not exempt from loss or responsibility due to negligence. [Citing cases.] The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents, or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. Such stipulations have been sustained in insurance policies. Riddlebarger v. Hartford Ins. Co., 7 Wall. 386 [19 L. ed. 257]." Among the decisions cited as a basis for the conclusions reached by the court in the above quotation is the case of Express Co. v. Caldwell, 21 Wall. 264 (22 L. ed. 556), in which a stipulation similar to that here involved was held to be valid. Neither in that case nor in the numerous cases there cited is there anything to show that there is a consideration for the contract of limitation. It at least appears inferentially, therefore, that the Supreme Court of the United States would not consider the contract in the present case void for the reason that there is admittedly no special consideration supporting it.

In 1 Moore on Carriers (2d ed.), 480 (§ 24), it is said, "The carrier may lawfully, by contract with the shipper made by clause or stipulation in the bill of lading or shipping receipt, or otherwise, provide a reasonable time within which the shipper shall present his claim or give notice of claim for loss or damage, and the manner of giving such notice or presenting his claim, and limit its liability to cases in which the claim shall be presented or notice given in accordance with the terms of the contract. Such agreements are not against the policy of the law, and of the right to make conditions of this character there is now no question. They do not relieve carriers from any part of their obligations as common carriers. As such they are bound to the same diligence, fidelity, and care as they would be required to exercise if no such stipulation had been made. All that the stipulation requires is that the shipper shall make his claim in season to enable the carrier to ascertain the facts, and it specifies what that time shall be. The only question that can arise is whether the condition is a reasonable one, with reference to the circumstances of any particular case. Such contracts, when the time and conditions are not unreasonable, are universally upheld by the courts, and the right to recover on a claim for loss or damage will be barred if the conditions of the contract are not complied with."

The only direct authority on the precise point since the passage of the Carmack amendment, that we have found, is from our own Supreme Court, which, in the case of *Post* v. *Atlantic Coast Line R. Co.,* 138 *Ga.* 764 (76 S. E. 45), said, in dealing with a contract containing a provision similar to the one here involved: "However this may be held, that section of the act [Carmack amendment] does not prohibit an agreement providing a reasonable time within which the shipper shall present his claim or give notice of claim for loss or damage, and that the carrier shall not be liable unless such notice is given or claim made within the prescribed time." Here it will be seen that no allusion is made to any consideration to support the time limitation referred to; and upon investigation we find that this ruling is in line with quite a long array of decisions of that court, as well as other courts, upholding the validity of limitations as to time of loss or damage under policies of insurance and other contracts, and for which no special consideration is given. We are inclined to think that we are bound by the decision in *Post* v. *Atlantic Coast Line R. Co.,* supra, as a

precedent upon the point here raised; but whether it is conclusive on the point or not, we hold in the absence of a controlling decision to the contrary, and in view of the sound and logical reasoning in the quotations from the Harriman case, supra, and from Moore on Carriers, that such contracts, when reasonable as to time, are valid and binding even though no special consideration be given therefor.

The reasonableness of the time within which the contract before us stipulates that the notice shall be given is not denied, and no exception is taken to the judgment except upon the ground that the stipulation was without consideration. For this reason, the question as to the reasonableness of the stipulated time need not be considered. We might say, however, that on this point the finding of the judge, acting as both court and jury, was not without reason and authority; and this court would not, if the question of the reasonableness of the contract were before it, hold that the judge erred in his finding. Indeed, requirements in contracts limiting to a much less time than ten days the time in which notice of loss or damage is to be given have been held to be valid and reasonable; and especially is this true in shipments of fruits and vegetables. See 6 Cyc. 507, and cases there cited.

3. The finding of the court as to whether the defendant was or was not negligent does not enter into this case so far as the judgment of this court is concerned. If the court correctly found that the clause requiring ten days notice was binding, and that it was not complied with, then the failure to give this notice precluded a recovery by the plaintiffs, and the judgment was correct without regard to whether the carrier was negligent in unduly delaying the shipment. A correct judgment will not be reversed even if the reason stated for its rendition is incorrect or insufficient. *Surrency* v. *Glennville Supply Co.*, 13 *Ga. App.* 180 (78 S. E. 1013).

*Judgment affirmed. Broyles, J., not presiding.*