ADAM COX, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted February 4, 1915. Opinion Filed March 2, 1915.

1. **CONTRACTS: Impeachment: Evidence.** Written contracts signed by parties who are *sui juris* will not be overturned on slight, unsatisfactory and improbable testimony.

2. **COMMON CARRIERS: Carriage of Live Stock: Knowledge of Law: Presumptions.** A shipper of live stock is charged with knowledge of the law that it would require a waiver on his part to prevent unloading for the purpose of watering and feeding the stock.

3. ————: **Interstate Commerce: Impeachment of Shipping Contract: Sufficiency of Evidence.** In an action against a common carrier for damages resulting from its alleged negligent delay in furnishing a car for an interstate shipment of live stock, defended on the theory that the shipping contract provided that the giving of a written notice of the claim to defendant within a stipulated time was a condition precedent to the right of recovery and that plaintiff had failed to give such notice, and that the contract also expressly provided that plaintiff waived the damages for which he sued, evidence *held* insufficient to warrant submission to the jury of the question of whether plaintiff was induced to sign the contract by fraudulent representations.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelly*, Judge.

REVERSED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

(1) The shipment involved in this case was interstate, and therefore, under the evidence, the provisions of the contract of shipment relied on in bar to plaintiff's cause of action, as well as all other provisions of said contract, were valid and binding on plaintiff. Hart

v. Railroad, 112 U. S. 331; Cau v. Railroad, 194 U. S. 427; Adam's Exp. Co. v. Croninger, 226 U. S. 491; Railroad v. Latta, 226 U. S. 519; Railroad v. Miller, 226 U. S. 513; Railroad v. Carl, 227 U. S. 639; Railroad v. Harriman Bros., 27 U. S. 657; Clegg v. Railroad, 122 C. C. A. 273; Amer. Sil. Mfg. Co. v. Railroad, 174 Mo. App. 184; Joseph v. Railroad, 175 Mo. App. 18; McElvain v. Railroad, 176 Mo. App. 379; Railroad v. Mixon, etc. Co., 154 S. W. 205. (2) Plaintiff having failed to give written notice of his claim for damages, as required by said contract, cannot recover. Clegg v. Railroad, 122 C. C. A. 273; McElvain v. Railroad, 176 Mo. App. 379; Shelton v. Railroad, 131 Mo. App. 560. (3) This suit was not brought within six months next after plaintiff's alleged cause of action accrued, as provided in said contract, and therefore is barred. The six months limitation is valid and reasonable. Railroad v. Harriman Bros., 227 U. S. 657. (4) Plaintiff's cause of action pleaded in the petition sounds in tort, and the damages, if any, accrued before the written contract of affreightment was entered into, and by such subsequent written contract all claims or causes of action of that nature arising from or connected with the shipment of said live stock, or the arrangements therefor, which existed at or before the time of the execution of said contract, were expressly waived and released.

*Edw. D. Hays* for respondent.

(1) The negligence occurred on July 6. The contract by which defendant seeks to save itself from liability for the negligence was executed on July 7. This cause of action sounds in tort and not in contract. The contract will not be construed to waive and release the right of action for a wrong previously done. Bratton v. Railroad, 167 Mo. App. 75; Baker v. Railroad, 145 Mo. App. 189. (2) Under the express provisions

of the Hepburn Amendment to the Interstate Commerce Act, which went into effect August 28, 1906, no contract a carrier may make with the shipper for interstate transportation of freight, whether supported by a consideration or not, shall have the effect of releasing any part of the carrier's common-law liability. (3) The contract which the railroad pleads in defense does not absolve the railroad from liability, because the same was procured, as is shown in the evidence, by false and fraudulent misrepresentation. Birdsall v. Coon, 157 Mo. App. 439.

REYNOLDS, P. J.—Action for damages for the alleged careless and negligent delay by defendant in furnishing a car for shipment of a lot of hogs from Advance, Missouri, to East St. Louis, Illinois. In consequence of this delay the shipment was twenty-four hours longer in reaching its destination than if it had been promptly loaded and started from Advance. Damages are claimed by decline in the market as well as for the shrinkage in weight of the hogs consequent upon the delay and also for expenses incurred in feeding and caring for them.

There is no complaint of delay in transit after the hogs had been loaded. The negligence charged is in loading and starting, that involving a delay of twenty-four hours.

The answer denies all and singularly the allegations in the petition except the averment that defendant is a corporation, and denies that it has knowledge or information of the averments of the petition sufficient to form a belief thereon. It is also pleaded in bar of the action, that plaintiff had entered into a written contract with defendant at Advance on the day of the shipment for the transportation of the hogs to the National Stock Yards, East St. Louis, in which contract it was provided, among other things, that in consideration of a reduced rate of freight the shipper

waived and released any and all claims or causes of action against defendant, arising from or connected with the shipment of the live stock or the arrangements therefor which existed at or before the time of the execution of the contract, including, among other things, any delay in furnishing cars by defendant or in the receipt of the live stock for shipment; further pleading that it was agreed as a condition precedent to recovery of damages for any loss, injury or delay, that the shipper would give notice in writing of his claim to a general officer of defendant or its nearest station agent or to the agent at destination within one day after the delivery of the stock at destination, and that the failure to comply with this should be a bar to recovery of any damages for delay, injury or loss. It is averred that plaintiff had failed to give this notice.

The contract pleaded and introduced in evidence admittedly bears the signature of plaintiff. He claimed, however, that he had not signed this or any other contract at Advance and that the only contract or paper he had signed was one which had been presented to him by the conductor of the train while on the main line of defendant's road, to avoid unloading, watering and feeding the hogs. Plaintiff testified that he was not much of a scholar and from the looks of the paper, as it was closely printed and as they were on a freight train, he did not have much show to read it and did not think that he could read it; that the conductor on this main line requested him to sign this contract and when he discovered that he (plaintiff) could not read, he told him that it did not amount to anything any more than it freed him (the conductor) from the company and made him in good standing with it; did not tell him that he was getting a reduced rate or was required to give notice to the company within twenty-four hours after the train reached its destination, or that the maximum value of damages on each hog lost or injured would be $10; did not tell him anything;

that the conductor told him that if he did not sign the contract which he presented to him that he (plaintiff) would have to unload and feed and water the stock. This is the substance and all of the essential facts that plaintiff relies on for overturning the contract. We think it is entirely too unsubstantial and unsatisfactory to have allowed the question of fraud in obtaining plaintiff's signature to the contract to have been submitted to the jury. Written contracts signed by parties *sui juris*, are not to be overturned on such slight, unsatisfactory and improbable testimony. The plaintiff is charged with a knowledge of the law that it would require a waiver on his part to prevent unloading for watering and feeding the hogs. No provision at all like this is in the contract produced, and the testimony of plaintiff as to that is entirely irreconcilable with the terms of the contract itself. The station agent of defendant at Advance testified to the reduced rate, and so the contract recites, and testified that the matter was presented to plaintiff and that plaintiff signed the contract at Advance. Plaintiff denies that he signed the contract at Advance, but says nothing about a reduced rate, but does admit that he signed some paper contract on the train on the main line . In his reply in this case, plaintiff sets up that the contract which he signed was tendered to him by the conductor on the branch line while the train was running between Advance and Chaffee; that is, by the conductor of the train on the branch line. His testimony, on the contrary, is that it was presented to him by the conductor of the train on the main line—an entirely different man and different place.

For these reasons we hold that plaintiff has introduced no substantial evidence warranting an issue to be submitted to the jury as to whether plaintiff had been induced to sign this contract by fraudulent representations. Plaintiff admitted that he had not given the notice required as a condition precedent to the

right of action. As the damages claimed were for delay in shipment of the hogs, occurring before the execution of the contract, and the contract expressly waives the claim of right to damages on this ground, it follows that plaintiff cannot recover.

The judgment of the circuit court is reversed. *Nortoni* and *Allen, JJ.,* concur.

