ILLINOIS CENTRAL RAILWAY COMPANY v. W. J. DAVIS & COMPANY.

[72 South. 874.]

1. CARRIERS. *Live stock. Time for claiming damages. Consideration. Courts. Rule of decision. Federal court decisions. Waiver.*

Where two different rates were offered by a railroad to a shipper and the shipper accepted the lower rate, this was a sufficient consideration for a clause in the contract of shipment requiring the shipper to make claim within ten days from the date of delivery for any damages.

2. CARRIERS. *Live stock. Claim of loss. Time. Reasonableness.*

A provision in a contract of shipment of live stock, requiring the shipper to make claim for damages for loss within ten days from the delivery of the car of stock, when supported by a consideration is valid and reasonable.

3. RULES OF DECISION. *Federal court decisions.*

In the case of interstate shipments, the rule announced by the federal courts as to the reasonableness of a limitation by contract for the shipment of live stock, of the time within which a claim for loss must be made, will be followed by the state courts.

4. CARRIERS. *Live stock. Claim of loss. Waiver.*

Where a shipper of live stock, under a contract requiring that notice of loss should be filed within ten days after delivery did not file a written notice of his claim with any proper agent of the carrier as required by the contract, but orally mentioned the damages or loss to a traveling freight agent of the railroad, who had no authority to receive such notice nor deal with such matters. In such case there was no waiver by the carrier of the requirements of the contract and the shipper was precluded from recovery.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by W. J. Davis & Co. against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals.

Appellees brought suit against appellants for damages based on alleged injuries inflicted upon a carload

of cattle shipped from Jackson, Miss., to East St. Louis, Ill. When the shipment arrived at Mounds, Ill., it had been on the road about thirty-two hours, and it would take at least nine hours longer to reach East St. Louis, and in order to comply with the interstate regulation, prohibiting confinement of cattle longer than thirty-six hours on a train without unloading for feed, rest, and water, the shipment was unloaded and kept at Mounds from two-twenty p. m. April 1st, to six-ten p. m. April 2d, or about twenty-eight hours, during which time they were watered and fed and allowed to rest. It is shown that another train left Mounds about four-thirty p. m. and one about six-ten p. m. on April 1st, and another at six-fifteen a. m. April 2d, and plaintiff claims that the cattle should have been shipped on one of those trains rather than allowed to remain at Mounds until six-ten p. m. April 2d. Plaintiff alleges that because of such delay the shipment did not arrive in East St. Louis until April 3d, and that the market had declined during that time, and that there was considerable shrinkage in the weight of the cattle, and for this loss plaintiff sues. Plaintiff alleges that there were a number of unnecessary delays at other points along the road before reaching Mounds, and that the shipment should have reached East St. Louis in time for the market on April 1st, or at latest in time for the market on April 2d. The defendant pleaded the general issue, and interposed a special plea, giving notice of the provisions of the contract of shipment, which recited:

"It is further agreed by the shipper that no claim for loss or damage to stock shall be valid against said railroad company unless it shall be made in writing, verified by affidavit and delivered to the general freight agent, or freight claim agent, of the railroad company, or to the agent of the company at the station from which the stock is shipped, or to the agent of the company at the point of destination, within ten days from the time said stock is removed from said cars."

The contract of shipment also provided that the maximum amount he could claim as damages for injury to any of the cattle shipped in the car was fifty dollars per head, and provided, further, that if a higher value was to be declared on the shipment, an additional rate would be charged, and defendant then offered in evidence an extract from the southern classification under which this shipment moved, and which provided as follows:

"General Rules.
"Rule 1.

"The reduced rates specified in this classification will apply only on property shipped subject to the conditions of the carrier's bill of lading. Property carried not subject to the conditions of the carrier's bill of lading will be at the carrier's liability, limited only as provided by common law and by the laws of the United States and of the several states, in so far as they apply. Property thus carried will be charged ten (10) per cent. higher (subject to a minimum increase of one (1) cent per hundred pounds) than if shipped subject to the conditions of the carrier's bill of lading."

The appellee took advantage of the reduced rate, although his cattle were worth about seventy dollars a head, the rate charged was thirty-six cents per hundredweight according to the contract, whereas if he had paid a ten per cent. higher rate, the carrier's liability would have been—

"limited only as provided by common law and by the laws of the United States and of the several states so far as they apply."

It is shown on the trial that no written notice was given by appellee to any of the agents mentioned in the contract of shipment above quoted, but that one of the members of plaintiff's firm mentioned the matter to the traveling freight agent of the defendant company, and asked for an allowance because of this loss, and that this agent said he would take it up, and it is claimed by the appellee that the appellant in this way waived the

ten days' limitation provided in the contract for giving written notice of claim for loss.

*Mayes, Wells, May & Sanders,* for appellant.

*Howie & Howie,* for appellee.

Holden, J., delivered the opinion of the court.

This case was appealed from the circuit court of Hinds county, where the appellee, W. J. Davis & Co., recovered a judgment against appellant for damages to stock in transit. On May 8, 1916, we affirmed the judgment of the lower court, but after a careful consideration of the suggestion of error filed here by the appellant, we are forced to the conclusion that our decision in affirming the judgment of the lower court was error.

The three questions presented in this case are: First, whether or not there was a consideration upon which to base the stipulation in the contract, requiring that the shipper shall make claim for any damage or loss within ten days from the date of delivery of the car of stock; second, whether or not this stipulation, requiring such notice within that time, is a reasonable stipulation; and, third, whether or not, in this case, the appellant railroad company received and accepted verbal notice of the claim within the prescribed time, and thereby waived the stipulation in the contract.

The facts in the instant case do not bring it within the rule announced in *Yazoo, etc., R. Co.* v. *Bell,* 71 So. 272. The record here shows two different rates were offered by the railroad to the shipper, and the shipper accepted the lower rate, which, as held in the *Harriman Case,* 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690, is a sufficient consideration for the validity of the clauses in the contract of shipment.

In the case of *G., F. & A. Ry. Co.* v. *Blish Milling Co.,* 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948, it is held that a provision in a bill of lading, requiring a claim to

be filed within the stipulated time, is valid.  In the *Harriman Case, supra,* similar provisions and stipulations in such contracts are held to be reasonable and valid if supported by a consideration.  *Railway* v. *Wall,* 241 U. S. 87, 36 Sup. Ct. 493, 60 L. Ed. 905.  The shipment of stock in the case before us was an interstate shipment and, of course, the rule announced by the Federal courts in such cases will be followed by the state courts.  We think the stipulation in the contract in the case now before us is reasonable and valid.  *Chicago, etc., R. Co.* v. *Craig* (Okl.), 157 Pac. 87; *St. Louis, etc., Ry. Co.* v. *Marcofich* (Tex. Civ. App.), 185 S. W. 51; *Howard* v. *C., R. I. & P. Ry. Co.* (Mo. App.), 184 S. W. 906; *Baldwin* v. *Railway Co.* (Iowa), 156 N. W. 17, L. R. A. 1916D, 335; *St. Louis, etc., Ry. Co.* v. *Wynn* (Okl.), 153 Pac. 1156; *Crawford* v. *Southern Ry. Co.,* 101 S. C. 522, 86 S. E. 19; *W. H. Mitchell & Co.* v. *Ry. Co.,* 15 Ga. App. 797, 84 S. E. 227; *Cox* v. *Railway Co.,* 188 Mo. App. 515, 174 S. W. 127; *St. Louis, etc., Ry. Co.* v. *Burnett,* 117 Ark. 656, 174 S. W. 1165; *Dunlap* v. *Railway Co.* 187 Mo. App. 201, 172 S. W. 1178; *Bowman* v. *Railway Co.,* 185 Mo. App. 25, 171 S. W. 642; *Duvall* v. *Railway Co.,* 167 N. C. 24, 83 S. E. 21; *M. & N. A. R. R. Co.* v. *Ward,* 111 Ark. 102, 162 S. W. 164; *Kidwell* v. *O. S. L. R. R. Co.,* 208 Fed. 1, 125 C. C. A. 313.

There was no waiver here by the appellant railroad company, according to this record, of the stipulation of the ten-day notice in the contract.  The appellee did not file his claim in writing with any of the proper agents of the railroad, as named and required by the terms of the contract, but he claims to have orally mentioned the damage or loss to a traveling freight agent of the appellant, who had no authority to receive such notice nor deal with such matters.  *Clegg* v. *Railroad,* 203 Fed. 971, 122 C. C. A. 273.

The appellee, according to the proof in this record, having failed to file his claim for loss and damage within

the time provided by the contract, is nor precluded from recovery. This court's judgment of affirmance is set aside and the judgment of the lower court is reversed, and judgment entered here for appellant.

*Reversed.*