STANLEY WALKER, RESPONDENT, v. SHEFFIELD STEEL CORPORATION, APPELLANT.

Kansas City Court of Appeals. January 27, 1930.

850

*Atwood, Wickersham, Hill & Chilcott* for respondent.

*Lathrop, Crane, Reynolds, Sawyer & Mersereau* for appellant.

ARNOLD, J.—This action, begun on February 7, 1927, is for damages for personal injuries. Plaintiff recovered a verdict and judgment in the sum of $3000 and defendant has appealed.

The amended petition, which was filed on April 24, 1929, alleges that plaintiff, while an employee of the defendant at its manufacturing plant located in Kansas City, was injured on December 4, 1926, by the slipping of an apparatus with which he was working, described in the petition as a crane or derrick having in connection therewith a spreader, lift or carrier, by which apparatus various sheets of metal and other material were moved from place to place in the plant; that when said apparatus had been once attached to such sheets of material it was locked to the same and would ordinarily not become detached therefrom until released at the proper time and place; that in this instance the apparatus failed to remain attached to the material, slipped, came loose and caught and crushed plaintiff's right foot, ankle and leg against a nearby wall. Recovery was sought on the *res ipsa loquitur* theory.

The amended petition further alleges that:

"At said time and place said defendant had more than ten employees regularly employed and failed and neglected to have its entire liability for injuries to plaintiff and its other employees in-

sured with some insurance carrier authorized to insure such liability in the State of Missouri, and had not satisfied the Workmen's Compensation Commission of the State of Missouri of its ability to carry the whole or any part of such liability without insurance and that said Workmen's Compensation Commission had not authorized the defendant to carry the whole or any part of its liability insurance upon plaintiff and its other employees or to act as such self-insurer and that defendant failed and neglected to report to the Workmen's Compensation Commission of the State of Missouri said injuries to plaintiff and failed and neglected to pay to the State of Missouri the tax required to be paid by employers who insure their own liability or become self-insurers of their own liability to their employees for injuries received by such employees while employed in the service of defendant and that by reason of the defendant's failure so to do, plaintiff elects to sue the defendant as though defendant had rejected said Workmen's Compensation Act.''

This allegation was not contained in the original petition and to that petition defendant filed a general denial.

On May 29, 1929, defendant filed a plea to the jurisdiction and an answer to the amended petition, the substance of which was that the court had no jurisdiction over the cause of action or the parties because, on the date of the alleged accident, the parties were under the jurisdiction of the Workmen's Compensation Commission. The plea to the jurisdiction was overruled and the case went to trial upon that part of the answer of the defendant which went to the merits.

At the close of all of the testimony defendant offered an instruction in the nature of a demurrer to the evidence and also declarations of law to the effect that defendant did not ''fail to comply'' with section 25 of the Workmen's Compensation Act within the meaning of the sentence in said section which contains those words, and that plaintiff was not entitled to recover for the reason that the court was without jurisdiction because, on the date of the accident, the parties were under the jurisdiction of the Workmen's Compensation Commission. The court refused to give the instruction in the nature of a demurrer to the evidence and the declarations of law requested by defendant.

The following stipulation was filed in the cause: (Only the material parts are set forth herein).

''It is hereby stipulated by and between the parties hereto for the purposes of this case that the following facts are true, to-wit:

''That at the time of his injury plaintiff was in the employ of the defendant Sheffield Steel Corporation and that at said time the defendant regularly employed more than ten employees and that on the date of plaintiff's injury, to-wit, December 4, 1926, neither the plaintiff nor the defendant had elected not to come within the provisions of the Workmen's Compensation Act and that on the date

that plaintiff was injured the defendant Sheffield Steel Corporation had not insured its liability to its employees, including plaintiff, as required by said Workmen's Compensation Act and had not satisfied the Workmen's Compensation Commission of the State of Missouri of its ability to carry its own insurance and had not been authorized by the Workmen's Compensation Commission to carry the whole or any part of its own insurance or act as a self-insurer of its liability to its employees, including plaintiff; that defendant Sheffield Steel Corporation did not report plaintiff's injury to the Workmen's Compensation Commission; that the Superintendent of Insurance of the State of Missouri made no assessment and that the defendant paid no tax to the Superintendent of Insurance under section 71 of the Workmen's Compensation Act, found on page 405, Laws of Missouri, 1925, for the month of December, 1926, and that on January 4, 1927, defendant Sheffield Steel Corporation made application to the commission, under the Act, to become a self-insurer and that on February 3, 1927, the Workmen's Compensation Commission approved defendant's application to become a self-insurer under said Act and that thereafter on February 7, 1927, plaintiff filed this suit, and that prior to December 4, 1926, defendant Sheffield Steel Corporation had made no application to become a self-insurer under the Act.

It is further stipulated and agreed by and between the parties hereto for the purposes of this case that the Missouri Workmen's Compensation Law became effective November 2, 1926; that the members of said Workmen's Compensation Commission were appointed by the Governor of Missouri on November 16, 1926; that on November 17, 1926, the Attorney-General of the State of Missouri rendered an opinion to the Governor of the State of Missouri that said Workmen's Compensation Act did not become legally effective until January 9, 1927; that no meeting of the members of the commission as such occurred until January 9, 1927, and that said commission never functioned or attempted to function before that date; that on December 4, 1926, no forms had been prepared by the commission to be used by employers for making application to carry their own insurance; that prior to that day defendant, Sheffield Steel Corporation had not elected to come within the provisions of the Workmen's Compensation Act of Missouri, but had on January 4, 1927, applied to said Workmen's Compensation Commission for the right to carry its own insurance and had on February 3, 1927, been duly authorized by said commission to carry its own insurance and to act as a self-insurer of its liability to its employees.''

It is insisted that the court erred in refusing to sustain defendant's plea to the jurisdiction, and its demurrer to the evidence and in refusing its declarations of law referred to. The material parts of

the Compensation Law (see Laws of 1925, p. 375) having to do with this controversy are as follows:

Section 2 of the act provides in part as follows:

"Every employer and every employee, except as in this act otherwise provided, shall be conclusively presumed to have elected to accept the provisions of this act and respectively to furnish and accept compensation as herein provided, unless prior to the accident he shall have filed with the commission a written notice that he elects to reject this act. The presumption of election shall be re-established by filing with the commission a written notice withdrawing the rejection. All such notices shall take effect on the day of their receipt by the commission."

Paragraph "a" section 4 of the act provides as follows:

"A major employer shall mean an employer who has more than ten employees regularly employed."

Paragraph "d" of said section provides as follows:

"If any minor employer, who has been determined to be engaged in an occupation hazardous to employees, or any major employer has elected to reject the provisions of this act, in any action to recover damages for personal injury or death of his employee in the course of his employment, it shall not be a defense that the same was caused by the negligence of a fellow servant, or that the employee had assumed the risk of the injury or death, or that the same was caused in any degree by the negligence of the employee. Such defenses shall not be allowed in such action whether or not the employee accepted this act, nor shall they be allowed in any proceeding for compensation under this act. Such defenses shall be allowed to an employer who has elected to accept this act, if the employee has elected to reject it."

The material parts of section 25 of the act provide as follows:

"Every employer electing to accept the provisions of this act, shall insure his entire liability thereunder except as hereafter provided, with some insurance carrier authorized to insure such liability in this State, except that an employer may himself carry the whole or any part of such liability without insurance upon satisfying the commission of his ability so to do. If the employer fail to comply with this section, an injured employee or his dependents may elect after the injury to recover from the employer as though he had rejected this act, or to recover under this act with the compensation payments commuted and immediately payable."

The Supreme Court in the case of State ex rel. v. Workmen's Compensation, 318 Mo. 1004, decided on February 4, 1928, held that all of the provisions of the Workmen's Compensation Act became effective on November 2, 1926, when the act was adopted by the people under a referendum.

It is the contention of the plaintiff that as he was injured on December 4, 1926, and as neither of the parties at that time had elected not to come within the provisions of the Workmen's Compensation Act and, therefore, both were conclusively presumed to be within the law, and as defendant had not on the date of plaintiff's injury complied with the provisions of section 25, relative to insuring its liability with some insurance carrier or qualifying as a self-insurer, plaintiff had the right to elect, after his injury, to recover from defendant as though defendant had rejected the act, that is, under paragraph "d" of section 4 of the act; that is to say that plaintiff had a right to elect to bring this action at common law with the defenses of negligence of a fellow servant, assumption of risk and contributory negligence barred.

Defendant admits that plaintiff would have the right of such an election with the results claimed by plaintiff were it not for the fact that, under section 25 of the act, it had the right to carry the whole of its liability without insurance upon satisfying the commission of its ability to do so; but contends that, as the commission was not functioning until January 9, 1927, it was impossible for defendant to so satisfy the commission and, consequently, it did not *"fail,"* as that word is used in section 25, to comply with that section. Therefore, defendant insists that plaintiff had no such election, but as defendant used due diligence in applying to the commission on January 4, 1927, which was five days before the Commission was functioning, for the right to carry its own insurance, thus showing its intention to comply with section 25, it did not refuse to comply with this section. It is defendant's contention that the word "fail" as used in this section "connotes a choice" and is equivalent to the word "refuse," and, as it did not refuse to comply but did so when it became possible, its final compliance with the act "must relate back to the date when the act went into effect."

Neither of the parties hereto proceeded under section 2 of the act by filing with the commission a written notice that the act was rejected. This could have been done November 16, 1926, when the Commission was appointed. Therefore, they both were under the act at the time plaintiff was injured. This much plaintiff concedes. Under the provisions of section 2, if this were the only provision covering the situation, it would appear that the only remedy plaintiff had was to take compensation under the act; but under section 25, before defendant could defeat plaintiff's right to elect after the accident to ask for common law damages without the three common law defenses being available to the defendant, it must have gone a step further by either insuring against its liability or satisfying the commission of its ability to carry its own liability, and if defendant *failed* to comply with the last mentioned section plaintiff had a right to such an election which he has sought to make by bringing

this suit. [See Elks v. Coon, 172 N. W. (Ia.) 173.] So the whole controversy in this case revolves around the question as to whether defendant "failed" to comply with section 25 of the act.

It is the contention of the plaintiff, in substance, that it makes no difference what the State officials thought in reference to when the Workmen's Compensation Act went into effect; that the parties hereto are conclusively presumed to have known what was the law in reference to this matter, that is, that they knew on the day the law went into effect that it took effect on November 2, 1926, and prior to plaintiff's injury. No doubt this theory is correct (Cox v. R. R., 188 Mo. App. 515), and we will pursue that theory in disposing of the case.

Construing the word "fail" as used in section 25 of the act, it must be remembered that the statute gave the unqualified right to the defendant to become a self-insurer upon satisfying the commission of its ability to carry its own liability. It goes without saying that there was no opportunity for defendant to satisfy the commission during the time that there was not a commission functioning. The word "fail" carries with it the idea of fault, negligence or refusal. [Ginnochio v. Hydraulic Press Brick Co., 266 Fed. 564, 569, Webster's unabridged dictionary.] Before defendant can be convicted of having failed to comply with section 25, it was necessary that the commission do some affirmative act, that is, disapprove its application to become a self-insurer. There was no occasion for the defendant to have applied to the commission to become a self-insurer before it did and it no doubt applied several days before the commission began to function so that there would be an early disposal of the application by the commission. Under the circumstances there was no fault or negligence on the part of defendant and we are required to hold that defendant did not fail to comply with section 25. It has been held that the compensations acts were passed for the benefit of the workmen (see Elks v. Coon, supra) but there is nothing in our act to indicate an intention on the part of the Legislature to require the courts to give it such a technical construction (see section 76) as to do an injustice to anyone, who should be without fault, by depriving him of a right given by the act.

Of course, there was no compliance with the act, in the sense that the commission was satisfied that defendant was able to carry its own liability, until February 3, 1927. This delay did not depend upon the will of the defendant, but was on account of the failure of the commission to pass upon or otherwise act upon the application until that date. Defendant did all that it could under the circumstances, but fell short of complete performance on account of the failure of the State officials to organize the commission so that it would function and on account of its failure to pass upon its ap-

plication until February 3, 1927. Defendant cannot be penalized for this delay in official action (see Ginnochio v. Brick Co., supra, 1. c. 569, 570).

It is therefore, our opinion that defendant, having complied with the act by applying to the commission to become a self-insurer at the earliest time that it could have so applied with any effect, and having thus manifested its intention of being within the act, compliance with section 25 must relate back to November 2, 1926, when the act went into effect. [Ginnochio v. Brick Co., supra; Randall v. Foglesong Mach. Co., 200 Fed. 741; Toledo Metal Wheel Co. v. Foyer Bros., 223 Fed. 350; Hanger v. Abbott, 6 Wallace, 532.]

It is claimed by plaintiff that even though defendant could not have taken action before it did to satisfy the commission of its ability to become a self-insurer it at least could have taken out insurance in the *interim*. The evident intent of the law is to encourage the employer and employee to come within it. If the employer were forced to take out insurance against his will when he is able to become a self-insurer such a policy would tend to cause him not to come within the law. The justice of allowing self-insurance is recognized in the law. It gives to the employer the unqualified right to become a self-insurer where it has the ability to be such. The insurance feature of the law is for the benefit of the employee but the alternative of taking out insurance or becoming a self-insurer is for the benefit of the employer. To require the employer to take out insurance would be contrary to the letter and spirit of the act.

However, plaintiff contends:

"If the plaintiff brought suit under the compensation act, the defendant could say at the time plaintiff was injured we (defendant) had not met the requirements of the act, and, therefore, were not within the act, and defeat this action. If plaintiff filed a suit at common law, they could wait until almost the time of the trial and then bob up and assert that they were under the compensation act."

If there were any merit in this contention it would certainly throw serious doubt upon the correctness of our conclusion. However, if plaintiff had brought suit under the compensation act even before he did and before defendant filed an application with the commission to become a self-insurer, defendant could not have said at the time plaintiff was injured it "had not met the requirements of the act, and therefore, was not within the act and defeat" the action. Defendant had the election to reject the act by filing with the commission a written notice to that effect. (See section 2 of the act). This could not have been done on November 2, 1926, when the act went into force, because the commission was not in existence until November 16, 1926. However, by not filing the notice between the last mentioned time and the time of the accident both parties became subject to the act, probably as of date of November 2, 1926, but at

least, on November 16, 1926, and there was nothing that happened in the case that thereafter could have taken defendant without the act, except the election given to plaintiff if defendant failed to comply with section 25. It is true, that under the provisions of section 25, defendant could have been taken without the act for failure to comply with the insurance provision thereof, but not by the failure of itself of its own force. Therefore, defendant could not have taken itself from without the act, but the right was in plaintiff to say whether defendant should be without the act or come under it. In other words if plaintiff had brought a suit for compensation under the act it would have been an election on his part to recover under the act and defendant would have been bound thereby. It is true that, had plaintiff filed a suit at common law, it would have then been possible for defendant, by complying with section 25 as it did, to assert that the parties were under the compensation act and thus defeat plaintiff's right to an election under section 25. However, these circumstances would not have been brought about by anything defendant improperly did or failed to do but would have been a result of the action of the State authorities in failing to organize the commission. We have already covered this matter. As a matter of fact, defendant complied with the act as far as possible for it to do so by filing its application with the commission to become a self-insurer, and thus showed its good faith in the matter, before this action was brought under the common law.

It is contended that it was not enough for defendant to have manifested its intentions (if it did) to become a self-insurer, but it should have manifested in some way, before it did, an intention to come within the law as of a date prior to plaintiff's injury, and not act as though it were not within it after that time; that it had no right to wait until May 29, 1929, and then for the first time claim in its answer that it was within the compensation act; that defendant should have done other things after plaintiff was injured, which the act requires of an employer coming within the act, in order to show that it was its intention to be within the act at the time of the injury. In this connection plaintiff refers us to the provisions of the act providing that the employer coming within that act shall provide medical, surgical and hospital treatment (see section 13) also to section 14 providing for other compensation and to section 34 under which plaintiff says "the employer was required to make reports to the commission of every injury which occurred to an employee in his services and provides penalty for failure to do so." As a matter of fact, this section refers to employers coming within as well as without the act. In this connection we are referred to the record in which it is shown that plaintiff paid out $25 for medical treatment and that defendant has never offered to pay him anything on account of this or of his injuries. Defendant answers these

contentions by saying that plaintiff never made any requests of it for these things. However, we see no materiality in these claims of plaintiff. Assuming that before plaintiff was injured defendant had intended not to come within the compensation act, but intended to do everything it could to require an injured employee to bring a common law suit against it, the only thing that it could have done to effectuate this intention would have been to file with the commission a written notice that it elected to reject the act. It is to be remembered that the commission was appointed on November 16, 1926. Not having made any effort to elect to reject the act defendant placed itself within it, and the act does not provide for any other act of the employer to establish that it has accepted the act. There was nothing further that defendant was required by the act to do in order to defeat plaintiff's election under section 25, except comply with that section. We are not in this proceeding concerned with any violation of the act, if any, of defendant, after it brought itself within it or of any delay in setting up its defense so long as it was properly pleaded.

In view of the fact that when plaintiff was injured, defendant, under the provisions of section 2, had elected to come within the compensation act, and the fact that it made application to comply with section 25 by becoming a self-insurer as soon as such application could be effective, it is entitled to claim the benefits of coming under the compensation act. We therefore conclude that plaintiff had no right to proceed under the common law but could have proceeded under the compensation act to recover the specific benefits therein provided. Consequently, the court below had no jurisdiction of this action.

The judgment of the lower court is reversed and this cause is dismissed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.