POST & WOODRUFF *v.* ATLANTIC COAST LINE RAILROAD CO.

ATKINSON, J. 1. It is not necessary for the decision of this case to determine generally whether section 7 of the act of Congress of 1906 (34 Stat. 595, U. S. Comp. St. Supp. 1909, p. 1166, Fed. Stat. Ann. Supp. 1909, p. 273), prohibited absolutely any contract by an initial carrier limiting the common-law liability of such carrier, either as an insurer or for injury or loss resulting from negligence, or whether the purpose of such section of the act was to require the issuance of through bills of lading and to prevent the limitation of liability of the initial carrier to a loss occurring on its own line. On this subject there are two lines of authority. See *Adams Express Co.* v. *Mellichamp,* 138 *Ga.* 443 (75 S. E. 596) ; Hooker *v.* Boston & Maine R. Co., 209 Mass. 598 (95 N. E. 945, 23 Ann. Cas. 699, and note) ; Travis *v.* Wells, Fargo & Co., 79 N. J. L. 83 (74 Atl. 444) ; Greenwald *v.* Weir, 130 N. Y. App. Div. 696 (115 N. Y. Supp. 311) ; In the matter of Released Rates, 13 I. C. C. R. 550, 552; Watkins on Shippers & Carriers, 267, § 201; Galveston &c. R. Co. *v.* Wallace, 223 U. S. 481, 491-2 (32 Sup. Ct. 205,

L. ed.            ) ; St. Louis &c. R. Co. *v.* Grayson, 89 Ark. 154 (115 S. W. 933).

2. However this may be held, that section of the act does not prohibit an agreement providing a reasonable time within which the shipper shall present his claim or give notice of claim for loss or damage, and that the carrier shall not be liable unless such notice is given or claim made within the prescribed time. Moore on Carriers, § 24, and citations; Houtz *v.* Union Pac. R. Co., 33 Utah, 175 (93 Pac. 439, (17 L. R. A. (N. S.) 628, and note) ; Express Co. *v.* Caldwell, 88 U. S. 264 (22 L. ed. 556).

3. In *Central Railroad Co.* v. *Hasselkus & Stewart*, 91 *Ga.* 382 (2), 385 (17 S. E. 838, 44 Am. St. R. 37), it was held that such an agreement was so far a limitation upon the legal liability of the carrier as to fall within the provision of section 2726 of the Civil Code, and not to be binding upon the shipper by reason merely of notice or of an entry on receipts, but to require an express contract in order to be effectual. But it was not there held that such an express contract would be a limitation upon liability arising from negligence, so as to be contrary to public policy, nor would an agreement of the character mentioned, fixing a reasonable time within which notice of loss of goods or injury thereto should be given, be inhibited as contrary to the public policy of this State. *Southern R. Co.* v. *Adams*, 115 *Ga.* 705 (42 S. E. 35) ; Pennsylvania Company *v.* Shearer, 75 Ohio St. 249 (79 N. E. 431, 116 Am. St. R. 730, 9 Ann. Cas. 15, and note) ; Hoye *v.* Pennsylvania R. Co., 191 N. Y. 101 (83 N. E. 586, 17 L. R. A. (N. S.) 641, 14 Ann. Cas. 414, and note) ; Chicago &c. R. Co. *v.* Calumet Stock Farm, 194 Ill. 9 (61 N. E. 1095, 88 Am. St. R. 68, and note on page 113).

4. Where a shipment of a car-load of celery was made from Sanford, Florida, to Detroit, Michigan, if a contract was made between the shipper and the carrier that "claims for loss or damage shall be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for delivery thereof, no carrier hereunder shall be liable in any event," and if the celery was delivered in a damaged condition, the contract to make the claim for loss or damage to the agent at the point of delivery within thirty days can not be declared as matter of law to be unreasonable, nothing further appearing on that subject than as above stated.

5. The shipment originated in Florida, and the goods were to be transported and delivered in Michigan. The suit was brought in Georgia, but it did not appear that any contract was either made or to be performed wholly or partly in this State. Neither the law of Florida, where the shipment began, nor that of Michigan, the place of delivery, was pleaded or proved. Determining them on general common-law principles and authorities, not controlled by statute, as is the case in this State, the delivery by the carrier of the bill of lading containing the clause above set out, and acceptance by the shipper, constituted a contract. 5 Am. & Eng. Enc. L. 292; Atlantic Coast Line R. Co. *v.* Dexter, 50 Fla. 180 (39 So. 634) ; McMillan *v.* Michigan So. &c. R. Co., 16 Mich. 79 (93 Am. D. 208).

6. A stipulation that a claim for loss or damage shall be made in writing

to the agent at the point of delivery promptly after delivery, and that if such claim should be delayed for more than thirty days, thereafter, no carrier acting under the bill of lading should be liable in any event, may be waived by the carrier.

(a) Where, after the lapse of thirty days from the delivery, the shipper made a written claim upon the agent at the point of delivery, on account of the property shipped; and where the agent informed the shipper that the proper procedure was for the latter to submit the documents to substantiate the claim, and allow the carrier to make the necessary investigation to ascertain if there was liability, and after the receipt of the papers in connection with the claim conducted an investigation, and carried on a correspondence with the attorney of the shipper, and finally declined payment on the ground that the carrier was not liable because the injury to the property did not result from its conduct, but from the bad condition in which the property was when received for transportation, and at no time raised any question as to the failure to present a claim in the time provided in the bill of lading, this amounted to a waiver of the time limit so specified. *Hill* v. *Western Union Tel. Co.*, 85 *Ga.* 425 (3), 426 (11 S. E. 874, 21 Am. St. R. 166); *Central R. Co.* v. *Pickett & Blair*, 87 *Ga.* 734 (5), 737-8; Isham *v.* Erie R. Co., 112 App. Div. 612 (98 N. Y. Supp. 609), affirmed by the Court of Appeals, 191 N. Y. 547 (85 N. E. 1111); Bank *v.* Pennsylvania R., 111 Minn. 48 (126 N. W. 410); McFall *v.* Wabash R. Co., 117 Mo. App. 477 (94 S. W. 570).

*Judgment reversed. All the Justices concur.*

OCTOBER 5, 1912.

Action for damages. Before Judge Ellis. Fulton superior court. June 5, 1911.

*Moore & Pomeroy,* for plaintiffs. *Robert C. & Philip H. Alston, E. A. Neely,* and *E. H. Barnett,* for defendant.