### 7953. SOUTHERN RAILWAY COMPANY v. SIMPSON.

WADE, C. J. 1. The bill of lading which evidenced the contract of carriage in this case was signed both by the consignor and by the carrier, and contained in its face a recital "that every service to be performed herein shall be subject to all the conditions, whether printed or written, therein contained (including conditions on back hereof) and which are agreed to by the shipper and accepted for himself and assigns." On the back of the contract the following condition appears: "Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable." The undisputed evidence showed that the claim for the loss of the goods for which this suit was brought by the consignee was not filed with the carrier until after the lapse of nearly a year from the date of the shipment.

(a) The provision in the contract requiring that notice of claim for damages be given within a certain time, in order to hold the carrier liable, does not amount to an attempt to exempt the carrier from liability for negligence. See *Post* v. *Atlantic Coast Line R. Co.*, 138 Ga. 763 (3) (76 S. E. 45); *Southern R. Co.* v. *Adams*, 115 Ga. 705 (42 S. E. 35).

(b) When a shipper signs and accepts from a carrier a bill of lading containing a clause stipulating that all claims for loss or damage shall be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed, such a clause is not void upon the ground that the carrier thereby seeks to limit liability, and does not give as a consideration therefor any extra service or special rate or other monetary consideration to the shipper, or that it is contrary to the public policy of the State. *Mitchell* v. *Atlantic Coast Line R. Co.*, 15 Ga. App. 797 (84 S. E. 227).

(c) The evidence did not show that any claim for damages was made, as required by the contract, within four months after a reasonable time for delivery had elapsed.

2. The trial court therefore erred in directing a verdict in favor of the plaintiff.      *Judgment reversed. George and Luke, JJ., concur.*

                   DECIDED JUNE 18, 1917.

Action for damages—appeal; from Henry superior court—Judge Searcy. October 17, 1916.

*Harris, Harris & Witman, Smith & Turner,* for plaintiff in error.
*E. J. Reagan, E. L. Reagan,* contra.