## 12364. SOUTHERN RAILWAY COMPANY *v.* BUNCH.

JENKINS, P. J. 1. Where a shipper signs and accepts a bill of lading containing a stipulation that claims against the carrier should be made in writing to the carrier " at the point of delivery or at the point of origin within four months after the delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed," this clause is valid and binding; and in

44

a suit for damages for unreasonable delay in the delivery of goods, where it appears that such notice was not given either by the consignor or the consignee, nor waived by the carrier, a recovery will not be authorized. *Southern Ry. Co.* v. *Simpson,* 20 *Ga. App.* 290 (93 S. E. 47); *Mitchell* v. *Atlantic &c. R. Co.,* 15 *Ga. App.* 797 (84 S. E. 227). But where the consignee does not sue upon the express contract evidenced by the bill of lading, but brings his action in tort based solely upon the public duty of the carrier to properly transport and deliver the goods, and upon the custom of the carrier to notify consignees immediately after the arrival of shipments at destination, and where it is the carrier who sets up by its plea and introduces in evidence such bill of lading with its stipulation as to notice, the burden of proof lies upon the carrier to further sustain its affirmative plea and defense by showing the failure of the plaintiff to give the notice thus required. 10 Corpus Juris, 302.

2. When this case was previously before this court upon exceptions to the overruling of the defendant's general demurrer, it was held that the proper measure of damages for the alleged unreasonable delay in the delivery of the goods was "the difference between their market value when they should have been delivered and their market value when they were delivered, with interest from the former date, less the freight, if unpaid." *Southern Ry. Co.* v. *Bunch,* 25 *Ga. App.* 45, 46 (102 S. E. 462). On the subsequent trial it appeared that there were two shipments of goods, the first made November 9, 1915, and received at destination November 17, 1915, and the second shipped February 9, 1916, and received at destination February 17, 1916. As to the second of these shipments, the record discloses no proof whatever as to the damages for the alleged unreasonable detention in the defendant's warehouse; but as to the first shipment, there was some evidence, admitted without objection, from which the jury were authorized to find that there was a decrease in value caused by the delay amounting to as much as one half of $300, or $150, and to add interest thereto at 7% from November 17, 1915, to the date of trial, January 17, 1921, $54.25. As the grounds, of the motion for a new trial are without merit, except as to the amount of the finding, the plaintiff in the court below is given the privilege of writing off the unauthorized amount of the finding, to wit, $75 75, at the time the remittitur from this court is made the judgment of the trial court; in which event the judgment will stand affirmed; otherwise, the judgment is reversed.

*Judgment affirmed, with direction. Stephens and Hill, JJ., concur.*

DECIDED NOVEMBER 18, 1921.

Action for damages; from Richmond superior court — Judge Henry C. Hammond. March 23, 1921.

*Cumming & Harper,* for plaintiff in error.

*Henry C. Roney,* contra.