14650.  DAVIS, agent, *v.* MIZELL.

BELL, J. 1. A stipulation in an interstate bill of lading, signed and accepted by the shipper, that "except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damage in transit by carelessness or negligence, as conditions precedent to recovery, claim must be made in writing to the originating or delivering carrier within six months after delivery of the property, or in case of failure to make delivery, then within six months after a reasonable time for delivery has elapsed," is valid and binding. *Mitchell* v. *Atlantic Coast Line R. Co.,* 15 *Ga. App.* 797 (2) (84 S. E. 227); *Southern Ry. Co.* v. *Simpson,* 20 *Ga. App.* 290 (1) (93 S. E. 47); *Southern Ry. Co.* v. *Bunch,* 27 *Ga. App.* 689 (1) (109 S. E. 523); St. Louis &c. Ry. Co. *v.* Starbird, 243 U. S. 592 (61 L. ed. 917; 37 Sup. Ct. 462); Ellis *v.* Davis, 260 U. S. 682 (67 L. ed. 460, 43 Sup. Ct. 243).

2. It follows that in a suit for damages for a failure by the carrier to make delivery of the shipment, where it appears that such a stipulation

was made and has not been complied with, nor compliance waived by the carrier, a recovery will not be authorized; but where the consignee does not sue upon the express contract evidenced by the bill of lading, but brings his action in tort, as was done in this case, based solely upon a breach of the public duty of the carrier to transport and deliver the goods, and the carrier defends upon the ground of a failure of the plaintiff to comply with the stipulation, it has the burden of showing such want of compliance. 10 C. J. 302; *Southern Ry. Co.* v. *Bunch*, 27 *Ga. App.* 689 (1) (109 S. E. 523); Houtz v. Union Pacific R. Co., 33 Utah 175 (43 Pac. 439; 17 L. R. A. (N. S.) 628 (7), and cases therein cited).

3. In the instant case the bill of lading signed by the shipper was introduced in evidence by the defendant carrier, and contained the stipulation set forth above, but there was no evidence as to whether the stipulation had been complied with. The court did not err in failing to charge the jury upon the necessity of such compliance, the carrier having failed to bring evidence to raise the issue. No other reason is urged for setting aside the verdict, the brief of the plaintiff in error being confined to the one question herein indicated. The action of the court in overruling the motion for a new trial is therefore affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 10, 1923.

Action for damages; from Camden superior court—Judge Highsmith. April 7, 1923.

*S. C. Townsend, Conyers & Wilcox,* for plaintiff in error.
*Cowart & Vocelle,* contra.