### CLEMENTS *v.* SEABOARD AIR-LINE RAILWAY COMPANY *et al.*

ATKINSON, J. The Civil Code (1910), § 5358, provides: "In all cases where two or more persons are common owners of lands and tenements in this State, whether by descent, purchase, or otherwise, and no provision is made, by will or otherwise, as to how such lands and tenements are to be divided, any one of such common owners may apply to the superior court of the county in which such lands and tenements are situated, . . for a writ of partition, which application shall be by petition setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned, and defining the share and interest of each of the parties therein." Section 5355, provides: "Equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just." Section 5357 provides: "The court will mould its decree, in every case, to meet the general justice and equity of each person entitled, and in its discretion may postpone or deny either a partition or a sale, if it shall appear that the present or prospective interest of each tenant may not be protected thereby." Section 5506 provides: "For every right there

shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." *Held:*

1. Under application of the above-quoted laws, where three railway companies own and use in common a union depot, and thereafter one of such companies becomes insolvent and is placed in the hands of a receiver by a court of competent jurisdiction, and the court renders a decree authorizing and directing such insolvent railroad to abandon and discontinue the operation of its line of railway into such union depot, and further authorizing the sale of its property, not as a going concern, or to be used as a going concern, but in a dismembered condition; and where under such decree the property is so sold, and is purchased by a private individual, not to be operated as a railroad, such individual is entitled to have such union depot partitioned in equity, the court having the power to protect the interests of all parties by appropriate decree. In this connection see Hill *v.* Woodward, 100 Miss. 879 (57 So. 294, 39 L. R. A. (N. S.) 538, 31 Ann. Cas. 390).

(*a*) This case is for decision on demurrer, and it does not appear that there was any contract between the parties providing for a perpetual joint ownership or suspension for any length of time of the right to a partition. In the circumstances it will not be decided what effect, if any, such an agreement would have on the right of the plaintiff to an equitable partition. The cases of McInteer *v.* Gillespie, 31 Okla. 644 (122 Pac. 184, Ann. Cas. 1913E, 400), Shelby *v.* Shelby, 192 Ky. 304 (233 S. W. 726), and other cases cited in 20 R. C. L. 717, § 3, and other similar cases on the briefs of the attorney for the plaintiff in error, have not been overlooked.

(*b*) This court will not take judicial cognizance of orders granted by the railroad commission of Georgia.

(*c*) The allegations of the petition show unqualified ownership of an undivided interest in fee in the property sought to be partitioned, and it is unaffected by any statute restricting enjoyment thereof, such as applies to provisions for a year's support for the family out of the estate left by a person deceased, or to exempted property under the homestead laws.

2. In such partition, where two of the joint owners have used such union depot but have not excluded the purchaser of the interest of the third joint owner from its use as a depot, such purchaser would not be entitled to one third of the fair rental value of the premises, for the time preceding the decree.

3. The value of the property should be fixed and determined by proper decree, and the privilege should be given to the other cotenants, or either of them, of paying to the purchaser his third of such value; and upon the failure of the other cotenants or either of them to exercise this privilege, then the property should be sold and out of the proceeds one third thereof, after paying the costs and expenses of the proceeding, should be paid to the applicant, and the balance of the proceeds divided between the two remaining cotenants.

4. The petition does not show upon its face that the plaintiff was estopped by laches from applying for equitable partition.

5. Applying the above principles, the court erred in sustaining the demurrer to the petition as amended, and dismissing the action.

*Judgment reversed. All the Justices concur.*

No. 3946. SEPTEMBER 20, 1924.

Equitable petition. Before Judge Eve. Irwin superior court. July 7, 1923.

The Seaboard Air-Line Railway Company, the Ocilla Southern Railroad Company, and the Atlanta, Birmingham & Atlantic Railroad Company acquired as tenants in common, and used in their business as railroad companies, a union depot and the land on which it was situated in the City of Ocilla. A receiver was duly appointed for the Atlanta, Birmingham & Atlantic Railroad Company in certain consolidated cases pending in the United States district court for the northern district of Georgia. After appointment of such receiver a decree was rendered in the Federal court directing the receiver to cease and totally abandon the operation of the line of railroad between Irwinville and Ocilla, because the same could not be operated except at a loss, thereby affecting the remainder of the railroad properties of the Atlanta, Birmingham & Atlantic Railroad Company. The court also decreed that the line of railroad be dismantled, and that the undivided interest of the Atlanta, Birmingham & Atlantic Railroad Company in the union depot, as well as the dismantled railroad between Irwinville and Ocilla, be sold to James B. Clements at a stated price. The sale was duly made, the price paid, and the property transferred to Clements. Clements did not have any railroad and could not use the union depot, which was valuable property and of such character that it could not be divided in kind. After his purchase, which occurred on March 20, 1918, the Seaboard Air-Line Railway Company and the Ocilla Southern Railroad Company continued using the union depot and recognized Clements as a tenant in common, but nevertheless refused to accord to him any share of the rental value, income, or mesne profits from the property, and refused to comply with his demand for such share. On February 27, 1922, Clements instituted an equitable action for partition against the Seaboard Air-Line Railway Company and the Ocilla Southern Railroad Company. The petition as amended alleged all that is stated above, and contained prayers: (a) For a decree for equitable partition and for compensation for rents. (b) That

partition be accomplished by ascertaining the value of the property and rental, and that the defendants be required to pay such amounts as shall be ascertained within a time to be fixed by the decree, and, if not paid, that the property be sold by a commissioner and the proceeds of sale be equally divided, except that out of the portions of the defendants the rentals due to petitioner be paid before any amount is paid to the defendants. (c) If the court shall determine it to be more appropriate, that a decree be rendered in the first·instance providing for a sale by a commissioner and distribution of the funds in accordance with the equities as above stated. (d) That in the event of any such sale, proper provision be made that the purchaser may have the property entirely separated from any railroad use or burden of any kind, so that the property will bring its true value. (e) For general relief and process.

The Seaboard Air-Line Railway Company filed a general demurrer and a special demurrer to those portions of the petition which sought to have a decree requiring the defendants to account to the plaintiff for rent. The other defendant did not demur. After the petition was amended, the Seaboard Air-Line Railway Company filed another demurrer in which the several grounds of demurrer to the petition as amended were urged; and by way of elaboration of the general demurrer it was stated: (a) "The plaintiff's petition discloses that the union depot in question was originally impressed with public use as a joint union depot dedicated to public service. Its character can, therefore, not be changed, nor can either cotenant be forced to buy more interest in it than was originally agreed by the joint tenants under the circumstances set out in plaintiff's petition." (b) "The plaintiff's petition discloses that he was fully acquainted with the dedication of said property to joint use when he purchased his undivided interest therein, and is therefore estopped from in any way interfering with his cotenants of said property, or changing the status of said property or any interest therein." (c) "The amendment of the plaintiff to his petition discloses that at the time he purchased his undivided one-third interest in the depot property, said property had been entirely abandoned as a going concern, and that it was sold as junk. The plaintiff, therefore, discloses that he was doubly on notice, not only of the public dedication of the depot,

but of the junking of the A., B. & A. before he bought." (d) "Plaintiff's petition further discloses that he bought under decree of the United States court, and that he has held his ownership to this interest of the depot practically ten (10) years since said purchase; that he has made no effort to get his rights under said decree, and that so far as this court knows said decree may provide all necessary rights to the plaintiff, and that he will be estopped from prosecuting any remedy in this court under the circumstances." The demurrer was sustained, and the action dismissed. The plaintiff excepted.

*Eldridge Cutts,* for plaintiff.

*Quincey & Rice, Whipple & McKenzie,* and *James F. Wright,* for defendants.