TALMADGE & Co. *et al. v.* SEABOARD AIR-LINE RAILWAY Co.

ATKINSON, J. The Civil Code (1910), § 5358, provides: "In all cases where two or more persons are common owners of lands and tenements in this State, whether by descent, purchase, or otherwise, and no provision is made, by will or otherwise, as to how such lands and tenements are to be divided, any one of such common owners may apply to the superior court of the county in which such lands and tenements are situated, . . for a writ of partition, which application shall be by petition setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned, and defining the share and interest of each of the parties therein." Section 5355 provides: "Equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just." Section 5357 provides: "The court will mould its decree, in every case, to meet the general justice and equity of each person entitled, and in its discretion may postpone or deny either a partition or a sale, if it shall appear that the present or prospective interest of each tenant may not be protected thereby." Section 5506 provides: "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other."

1. Under application of the above-quoted laws, where, by direction of the Railroad Commission of Georgia, two railway companies in 1916 erected a union station according to specified plans, and the station as erected was approved by the Railroad Commission, and where the said station was erected on the land of one of the companies, at the joint and equal expense of both companies under a contract whereby each of the companies became owner of one half interest in the building, and where after the station had been used by both companies jointly and individually for several years, the company that did not own the land became insolvent, and all its property including its interest in the said union station was duly sold under foreclosure proceedings brought in a court of competent jurisdiction and purchased by private individuals; and where the railroad of said company was dismantled and the business as a common carrier was abandoned, so that there was no longer any necessity for that company or the purchasers to use the said union station for railroad purposes, such purchasers are entitled to have such union station partitioned in equity, the court having power to protect the interest of all parties by appropriate decree.

(a) The soil and the building thereon as a composite whole constitutes realty, and the vesting of joint title in the two companies to the building (one of the component parts) under the first clause of the contract constitutes the two companies joint owners of or cotenants in that part of the realty and such part became properly subject to partition between such owners. It is similar to a joint interest in two compartments in a building, but dissimilar to a separate interest in each of the compartments. This sufficiently distinguishes the case from Anderson School Township *v.* Milroy Lodge, 30 Am. St. R. 206 (130 Ind. 108, 29 N. E. 411), and kindred cases. In the case named it was

held: "Where land is purchased and a building is erected thereon by three parties under an agreement that one shall own and use the land and the first story, the second shall own and use the second story, and the third shall own and use the third story, with the right of ingress and egress, there can be no partition among the parties." The ruling as shown by the opinion was upon the grounds: (a) "Each party owns its part of the building in severalty," and therefore "it is legally impossible that partition can be awarded, for there is no community of interest." (b) "The erection of the building under the agreement vested the appellee with a right of access to its part of the structure, and of that right it can not be deprived."

(b) The contract between the parties is not to be construed as providing for a perpetual joint ownership or suspension for any length of time of the right to partition; nor do the circumstances of the case imply such perpetual joint ownership or a suspension of the right of partition, so long as the Seaboard Company shall use the property. In the circumstances it will not be decided what effect, if any, such an agreement or such implication would have on the right of the plaintiff to an equitable partition.

(c) In the circumstances of the case, the fact that the said union station was erected by order of the Railroad Commission, and that rule No. 2 of that body forbids abandonment of the station without leave granted upon formal application therefor, would not deprive the plaintiffs of their right to partition.

(d) The eighth clause in the contract grants to the Ocilla Company, under which the plaintiffs claim as purchasers, an undivided one half leasehold interest in the land on which the station was located. After stating such interest it is stated further: "Provided, however, that if the parties hereto shall at any time agree to discontinue, or shall actually discontinue, the joint use of said station at said point, then and in that event all the estate, right, title, and interest of the Ocilla Company, *as lessee*, in and to the premises *herein demised and leased* shall thereupon cease, determine, and revert to the Seaboard Company." The reversion here provided for relates to the leasehold interest in the land and not to the vested undivided one half interest in the improvements made at the joint expense of the parties on the land under the first paragraph of the contract. Further, reversion of the leasehold estate would not destroy the vested half interest in the building created under the first paragraph of the contract.

2. The value of the improvements should be fixed and determined by proper decree, and the privilege should be given to the Seaboard Company of paying to the plaintiffs their half of such value; and upon failure to exercise such privilege, then the improvements should be sold and out of the proceeds one half thereof, after paying the costs and expenses of the proceeding, should be paid to the plaintiffs as their interests appear, and the other half to the defendant. *Clements* v. *Seaboard Air-Line Railway Co.*, 158 *Ga.* 764 (124 S. E. 516).

3. Applying the principles above stated, the judge erred in refusing to

allow the plaintiffs to offer evidence on the question of valuation of the improvements, and in granting a nonsuit.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent for providential cause.*

No. 7157.   FEBRUARY 26, 1930.

*Hal Lawson,* for plaintiffs.
*U. V. Whipple* and *James F. Wright,* for defendant.