36127.   HENDERSON *v.* NATIONAL CARLOADING CORP.
*et al.*

DECIDED APRIL 9, 1956.

*Paul M. Daniell, Allan Watkins,* for plaintiff in error.

*Edwin W. Ross, Edgar A. Neely, Jr., R. J. Reynolds, Jr.,* contra.

NICHOLS, J. 1. Although the plaintiff argues in his brief that the trial court erred in refusing to permit him to amend his petition as requested, in the event that the trial court should decide to sustain the general demurrer filed .by the defendant National Carloading Corporation, the record does not disclose that any request was made, nor does the bill of exceptions except to any such refusal on the part of the trial judge. Accordingly, this argument does not present any question for decision.

2. The only other question presented is whether or not a claim was filed in writing within the time provided by section 2 (b) of the contract of lading. This section reads in part as follows: "As a condition precedent to recovery claims must be filed in writing . . . within nine months after delivery of the property . . . or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed . . ."

Both the plaintiff and the defendants agree that this provision of the contract of lading is binding.

According to the petition, the first claim was filed on July 26, 1954, or 13 months and 6 days after the other property covered by the same contract of lading was delivered. The petition also shows that the "Expansion Joints" were tendered to the plaintiff on or about October 9, 1953, or 9 months and 17 days before the claim was filed. The petition does not show that such claim was made in writing; however, even assuming, but not deciding, that such claim was made in writing, the claim was filed after the time for filing a claim had expired, whether the nine months began to run on the day the balance of the ship-

ment was delivered to the plaintiff, or on the day the tender of the box *short* on the original delivery was made. In no event could the date on which the plaintiff was advised that the property had been sold be used to start the running of the nine-month period provided for in section 2 (b) of the contract of lading. Therefore, the trial court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*