## 55154. OUTLAW v. TRANSIT HOMES, INC.

Banke, Judge.
The appellee, Transit Homes, Inc., brought this suit against the appellant, Phillip D. Outlaw, to recover amounts it was allegedly due under a contract between

them. The trial court directed a verdict in favor of the appellee on both its complaint and on a counterclaim filed by the appellant, and this appeal followed.

The appellee is engaged in the business of interstate transportation of mobile homes. Its fees (mileage rates) are published and approved by the Interstate Commerce Commission. In January 1975 the appellant entered into a contract with the appellee to have his mobile home transported from Warner Robins, Georgia, to Charleston, South Carolina. A bill of lading which contained numerous contract terms and conditions on its reverse side was issued by the appellee.

During the course of the trip, the mobile home was damaged as a result of some tire and rim problems. Receipts for the cost of parts and repair services made by appellee's driver were introduced into evidence. The appellee was unable to deliver the mobile home to Charleston because the tractor rig pulling the mobile home caught fire and burned near Grovetown, Georgia. Appellee's driver notified the appellant of the damages to the mobile home and of his inability to complete the journey. The mobile home was then pulled to Grovetown where it was stored.

The appellee initiated suit by attachment and sought to recover $122.50 in mileage fees, $184.63 as repair costs, and $450.00 for storage of the trailer in Grovetown from February 13, 1975, to May 1, 1976. The appellant counterclaimed to recover $3,500 for appellee's alleged breach of contract to transport the mobile home. He amended to allege negligence and bad faith. At the close of all the evidence, the trial judge directed a verdict in favor of appellee on his claim for the $878.68 and directed a verdict for appellee on appellant's counterclaim.

1. Under the Rules of the Court of Appeals, appellant's brief was due on December 5, 1977. When no brief was filed, this court on December 16 issued an order directing appellant to file his brief by 4:30 p.m. on December 21. The brief was not received until December 22. The appellee has moved to dismiss the appeal because of appellant's failure to comply with this court's order.

Rule 14 (a) of the Court of Appeals provides that "[f]ailure to comply with an order of this court directing

the filing of the enumeration of errors shall cause the appeal to be dismissed." While the court does not condone disobedience of its orders by any attorney, we decline to grant appellee's motion to dismiss since no sanction for noncompliance is stated in Rule 16 (a) which sets forth the time requirement for the filing of briefs.

2. Transactions involving the interstate transfer of property by a common carrier are controlled by the Carmack Amendment to the Interstate Commerce Act, 49 USCA § 20 (11). This Amendment requires a carrier to issue a bill of lading for properties received for transportation in interstate commerce and permits the carrier to require that all claims against it be filed within a specified period, as long as that period is at least nine months. The bill of lading issued by the appellee in this case required that written claims "for any loss or damage, injury or delay" be filed within nine months after the date of delivery or within nine months after a reasonable time for delivery. The bill also provided that "[w]here a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such claim will not be paid."

It is undisputed that appellant never filed a written claim for damages within nine months after a reasonable time for delivery of his mobile home. He is, therefore, barred from recovering any amount for appellee's breach of the contract to deliver. *Southern R. Co. v. Simpson,* 20 Ga. App. 290 (1) (93 SE 47) (1917); *Henderson v. Nat. Carloading Corp.,* 93 Ga. App. 716 (2) (92 SE2d 593) (1956). See also Atlantic Coast Line R. Co. v. Pioneer Products, Inc., 256 F2d 431 (5th Cir. 1958). The appellant's counterclaim to recover in negligence is likewise barred since that claim also arose out of the contract of carriage between the parties. See Marquette Cement Mfg. Co. v. Louisville & Nashville R. Co., 281 FSupp. 944 (E.D. Tenn. 1967); American Synthetic Rubber Corp. v. Louisville & Nashville R. Co., 422 F2d 462 (6th Cir. 1970). See generally Sweeney v. Morgan Drive Away, Inc., 394 FSupp. 1216 (D. Colo. 1975); *Nashville, C. & St. L. R. v. Ham,* 78 Ga. App. 403 (50 SE2d 831) (1948); *Brown-Rogers-Dixson Co. v. Southern R. Co.,* 79 Ga. App. 449 (53 SE2d 702) (1949).

Lastly, appellant amended his counterclaim to allege that ". . . the acts of [the appellee] have been in bad faith and calculated to inflict mental pain and suffering upon [the appellant]." In his brief he argued ". . . that the attachment was a threatened trespass." The evidence presented by appellant did not support his claim of wilful misconduct, and "[d]amages for malicious use and abuse of process in this civil action cannot be recovered by the counterclaim in the trial of the same action. [Cits.]" *Terry v. Wonder Seal Co.*, 120 Ga. App. 423 (2) (170 SE2d 745) (1969). It was, therefore, not error for the trial judge to direct a verdict for appellee on appellant's counterclaim.

3. Section 1 (d) of the contract provided that except in cases of negligence by the carrier, the carrier was not liable for injuries to the mobile home caused by tire failure or structural breakdown. Section 4 (a) provided that the appellant would be responsible for the cost of storing the mobile home if the carrier, through no fault of his own, was unable to deliver the trailer.

The appellee's evidence showed that the injuries to the trailer resulted from structural problems on the trailer and were not caused by negligence on the part of appellee's driver. Appellee's claims manager testified that the mobile home could not be delivered in its present condition (because of these previously existing structural problems) and that this was why the appellee had not used another rig to pull the trailer to Charleston.

The appellant was qualified as an expert because of his educational background in physics and engineering. He testified that the trailer's structural damage had not existed when it left Warner Robins and that a tire rim had come off the trailer because "apparently the lug nuts had not been kept tightened up (by appellee's driver) and the studs had wallowed out the holes." He also stated that a representative for appellee told him that another driver would deliver the mobile home to Charleston.

Because of these issues of fact raised by the evidence introduced at trial, it was error for the trial judge to direct a verdict for the appellee on its claim to recover the $878.68. See Code Ann. § 81A-150.

*Judgment affirmed in part and reversed in part.*

*Deen, P. J., and Smith, J., concur.*

Argued January 5, 1978 — Decided April 19, 1978.

*Nicholson & Nicholson, Chris G. Nicholson,* for appellant.
*Jay M. Sawilowsky,* for appellee.