**RESORT GRAPHICS, INC., f/k/a Mountain Mats, Inc., Plaintiff-Appellant,**

v.

**RIO GRANDE MOTOR WAY, INC., Defendant-Appellee.**

No. 84CA0254.

Colorado Court of Appeals, Div. III.

March 21, 1985.

Rehearing Denied May 2, 1985.

Certiorari Granted Oct. 15, 1985.

Ratcliffe & Chamberlin, Sarah D. Claassen, Steamboat Springs, for plaintiff-appellant.

Steven E. Napper, Denver, for defendant-appellee.

METZGER, Judge.

Plaintiff, Resort Graphics, Inc., appeals the trial court's summary judgment in favor of defendant, Rio Grande Motorway, Inc. (Rio Grande). We reverse and remand for further proceedings.

In August 1981, Mountain Tops, Inc., of Boothbay Harbor, Maine, delivered to Rio Grande's agent two shipments of t-shirts for delivery to Resort Graphics in Steam-

boat Springs, Colorado. These shipments passed through interstate commerce via Rio Grande and were tendered collect to Resort Graphics on August 10 and 17, 1981. Resort Graphics, however, did not accept either shipment since they were unauthorized returns of t-shirts that had been ordered by Mountain Tops, Inc. Rio Grande placed the t-shirts in storage. It notified Mountain Tops that Resort Graphics had refused the goods and that it intended to dispose of the goods in the "most commercially reasonable manner available" unless directions to the contrary were received on or before September 17, 1981. Rio Grande did not notify Resort Graphics.

Rio Grande then sold the t-shirts for $550 to satisfy storage and freight charges. On July 18, 1982, more than nine months following the attempted delivery, Resort Graphics filed a claim with Rio Grande for $7,263.30, the wholesale value of the t-shirts. Rio Grande rejected Resort Graphics' claim on the basis that the bill of lading barred all claims filed more than nine months after delivery.

Pursuant to §§ 4–7–308(1) and 4–7–210(2), C.R.S., Resort Graphics instituted this action against Rio Grande for its failure to notify Resort Graphics of the sale of the t-shirts for storage charges. Rio Grande moved for summary judgment, asserting that the time provision of the bill of lading barred Resort Graphics' claim and that the Uniform Commercial Code (U.C.C.) did not apply since it was preempted by the terms of the bill of lading. Resort Graphics also moved for summary judgment, asserting that Rio Grande was liable for any damages caused because of its failure to notify Resort Graphics prior to the sale of the t-shirts. The trial court found that Resort Graphics had failed to comply with the requirement of the bill of lading that a written claim for loss or damage be filed with Rio Grande within nine months after delivery and, therefore, granted Rio Grande's motion for summary judgment.

On appeal, Resort Graphics argues that actions arising under § 4–7–308, C.R.S., are governed solely by the statute and are not subject to the contractual limitations of the bill of lading and that therefore, as a matter of law, the trial court erred in granting Rio Grande's motion for summary judgment. We agree.

Transactions such as the one here which concern the interstate transfer of property by a common carrier are controlled by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707(e)(1983), and that statute codifies federal common law rules of carrier liability. *Allied Van Lines, Inc. v. Smith*, 28 Colo.App. 85, 470 P.2d 926 (1970). It requires a carrier to issue a bill of lading for items received for transportation in interstate commerce, and permits a carrier to require that all claims for loss or damage to goods be filed within a specified period so long as that period is at least nine months. *Graham Brothers Construction Co. v. Seaboard Coast Line R.R. Co.*, 150 Ga.App. 193, 257 S.E.2d 321 (1979). Generally the filing of the claim is a condition precedent to recovery; thus, failure to file a loss or damage claim in writing within nine months from the date of delivery bars recovery therefor pursuant to the express terms of the bill of lading.

■ The bill of lading issued by Rio Grande in this case required that:

"[A]s a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, or carrier in possession of the property when the loss, damage, injury or delay occurred, within nine months after delivery of the property [or] ... within nine months after a reasonable time for delivery has elapsed."

The bill of lading also provided that: "[W]here claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

It is undisputed that Resort Graphics failed to file a written claim within nine months after Rio Grande's tender of the t-shirts. Therefore, under the terms of the

bill of lading, Resort Graphics would be barred from recovery for loss or damage. *Outlaw v. Transit Homes, Inc.*, 145 Ga. App. 695, 244 S.E.2d 633 (1978).

■ However, it has been held that when a tender of delivery is made but refused by the consignee, the carrier's responsibility as carrier terminates. *General American Transportation Corp. v. Indiana Harbor Belt R. Co.*, 191 F.2d 865 (7th Cir.1951). In the absence of any statutory or contractual provision to the contrary, the carrier holds goods remaining in its possession after a constructive delivery in the character or capacity of an ordinary bailee or warehouseman. *General American Transportation Corp. v. Indiana Harbor Belt R.Co.*, *supra.* The carrier's liability as a warehouseman is limited to its own negligence for damage or loss incurred during the storage period. S. Sarkin, *How to Recover for Loss or Damage to Goods in Transit* § 4.03[4](1984).

■ Here, there was a tender of delivery to Resort Graphics at its place of business. Resort Graphic's president personally informed Rio Grande's agent attempting delivery that the t-shirts would not be accepted. At that point, interstate transportation had terminated; Rio Grande placed the t-shirts in storage and later sold them. Thus, we hold that Rio Grande's liability as carrier under the bill of lading ceased when delivery was tendered but refused by Resort Graphics. *See General American Transportation Corp. v. Indiana Harbor Belt R. Co.*, *supra.*

■ While the Carmack Amendment unifies the rules of liability for shipments passing in interstate commerce, *Chicago & North Western Railroad Co. v. Union Packing Co.*, 514 F.2d 30 (8th Cir.1975), it does not preclude a change in carrier liability based on a change in carrier status. Federal rules do not preclude remedies that are not covered by federal law, *Lord Electric Co. v. Pacific Intermountain Express Co.*, 282 Or. 335, 578 P.2d 776 (1978), and consequently, state law applies. *See Central R. Co. v. Schick*, 38 F.2d 968 (3rd Cir.1930).

■ Colorado law grants to a carrier a lien on goods covered by a bill of lading for freight and storage charges. Section 4-7-307, C.R.S. When such lien arises, as here, state law governs its enforcement since no preemptive federal law or regulation applies. Thus, we hold that Resort Graphics can pursue its remedies under §§ 4-7-307 and 4-7-308, C.R.S.

■ A warehouseman's lien on goods may be enforced only by notification to all persons known to claim an interest in the goods to provide those interested parties an opportunity to redeem. Failure to notify creates carrier liability for damages caused by noncompliance with the requirements of the statute. Section 4-7-308(8), C.R.S. Rio Grande sold the goods pursuant to § 4-7-308, C.R.S. Therefore, Resort Graphics' claim for damages arises from that statute.

■ A court's initial function when considering a motion for summary judgment is to determine whether there is a genuine issue of material fact. *Abrahamsen v. Mountain States Telephone & Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972). Here, genuine issues as to material facts remain: for example, whether Resort Graphics had an interest in the goods pursuant to § 4-7-308, C.R.S., and, thus, was entitled to notice; whether Resort Graphics waived notice by its refusal to accept the shipment of clothing; and whether Resort Graphics had actual knowledge of Rio Grande's plans to sell the t-shirts. Thus, summary judgment should not have been entered.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

BERMAN and BABCOCK, JJ., concur.